Baldwin
*v.*
Walker.

BALDWIN *against* WALKER.

WALKER *against* BALDWIN:

IN ERROR.

Where the original declaration was in covenant for rent on an indenture between *S* and *W*, setting forth the indenture as the ground of action, and averring an assignment of it to the plaintiff with notice, and assigning a breach; during the pendency of the action, the plaintiff offered a new count as an amendment, setting forth more specially the manner of the assignment to the plaintiff, shewing how he became assignee, not of the lease merely, but of the reversionary interest; which amendment being allowed, it was held, that this was not erroneous, as changing the form or ground of the action.

An assignee of a lease and of the rent and reversionary interest, may maintain an action of covenant, in his own name, for arrears of rent falling due after the assignment; the ancient common law on this subject not having been adopted here, either by judicial recognition or legislative enactment.

This doctrine is especially true, where there has been an assent or attornment by the tenant.

Though we have, in our judicial practice, adopted such of the common law of *England*, as was operative as law, in that country, when our ancestors left it, and which was adapted to the new state of things here; yet no abrogated or repealed law of *England* was considered as binding or existing here.

Where the assignee of a lease by indenture for five years, which was neither acknowledged nor recorded, sued for the first year's rent, thereby recognizing the lease as a valid and subsisting one; it was held, 1. that such lease for the year in which the rent sought to be recovered was payable, would be good, without being acknowledged or recorded; 2. that it was not void, but voidable only, by such third persons as had a right and an

interest to avoid it as a lease for a longer period than one year; 3. that the defendant, who had occupied under it, and by whose neglect it was not recorded, could not make the objection.

Where the rent, by virtue of such lease, was to commence on the 1st of *April,* 1844; and before the expiration of one year, and before any rent had become due and payable, the lessor, on the 22nd of *March,* 1845, by deed of mortgage, conveyed his interest in the premises to the assignee of the lease, to secure the payment of 1,500 dollars; in an action afterwards brought, by the mortgagee and assignee, to recover the first year's rent, which was then in arrear; it was held, 1. that the lease, as between these parties, must be treated as an effective one, and as leaving, when made, a reversion in the lessor; 2. that by his mortgage to the plaintiff, this reversion, as a subsisting legal interest, was conveyed to the plaintiff, claiming his right incident to such reversion.

Where the declaration, in such action, alleged an assignment to the plaintiff of the machinery in a factory, with the fixtures and appurtenances; which allegation the defendant traversed, and tendered an issue thereon; after verdict for the plaintiff, the defendant moved in arrest of judgment, for the insufficiency of the declaration and the immateriality of the issue; it was held, 1. that the machinery of a factory was not necessarily personal property; but 2. as here was a lease of the factory, machinery, fixtures, &c., as one entire subject, at an entire rent, and treated by the parties as one whole, the court would so consider it.

Where the issue joined, in such case, involved the allegation of an attornment on the part of the defendant, or an agreement by him to pay rent to the plaintiff, after the assignment of the lease; it was held, that such allegation was pertinent, and the issue was not immaterial.

Where, on the trial of such issue, there was evidence of matters not in issue, and the defendant prayed the court to instruct the jury as to the effect of such evidence; which the court did not do; it was held, that this was no ground for a new trial.

THIS was an action of covenant for rent.

The declaration originally contained but one count, alleging, That on the 15th of *February,* 1844, an indenture was made between *Seth Stoddard,* on the one part, and *Alfred Walker,* the present defendant, of the other part, in the following words: " This indenture, made, &c., witnesseth, that the party of the first part, for the consideration hereinafter mentioned, hath demised, granted and leased, and by these presents, doth hereby demise, grant and lease unto the party of the second part, his heirs, executors, administrators or assigns, one undivided half of a certain woolen factory, situated in *Newtown,* and now owned and in the possession of said *Stoddard* and *Walker,* together with all the lands and appurtenances thereto belonging, as set forth in a deed from *Ebenezer Blackman* to the said *Stoddard* and *Walker,* and also with all the machinery, fixtures and appurtenances be-

longing to the said *Stoddard*, and the said *Stoddard* and *Walker*, now in and about their factory, a schedule of which is annexed, with the exception of one napper and press-plates, and one loom : to have and to hold the said factory, with the appurtenances thereto belonging, to the party of the second part, his heirs, administrators, executors or assigns, from the 1st day of *April*, 1844, for and during the full term of five years next ensuing and ended, he paying therefor annually, on every 1st day of *April*, during the said term, unto the party of the first part, his heirs or assigns, the yearly rent of 150 dollars; provided, that the said party of the second part shall have power to terminate the term of this contract at the end of either one of the aforesaid years, by giving notice to the other party in writing of such intention, not less than four months previous to said termination ; said party of the first part to inform said party of the second part, at the beginning of each year, when said notice shall be served or sent for the year ensuing ; provided further, that if either of the parties named herein shall die within either of the said five years, then this contract shall terminate at the end of the year in which said party shall have deceased.   And the said party of the second part does hereby, for himself, his heirs, executors, administrators or assigns, covenant, promise and agree, that he will well and truly pay, on demand, in *Newtown*, unto the said party of the first part, his heirs or assigns, the said yearly rent of 150 dollars, in the manner herein limited and provided for, according to the condition thereof, and also to expend not to exceed 100 dollars, within one year from the said 1st day of *April*, 1844, in building a dye-house, in repairing the fulling-mill, fixing the string of tenter-bars, repairing the regulator, in covering the ditch in front of the factory, building stairs from the basement to the first story, protecting the main band, and in other necessary repairs upon the fixed property, the expenses to be borne equally by the parties ; and said *Stoddard's* proportion of said sum of 100 dollars shall be deducted from the rent due him at the end of the first year. And the said party of the second part agrees to make all necessary repairs upon the moveable machinery, at his expense.   And the parties mutually agree, each to select a judicious, disinterested person, at the end of the first year

of the term, to estimate the worth of the improvements herein before mentioned : if any difference shall arise between the parties concerning the same, these referees to have power to select a third, in case of disagreement ; provided always, that the party of the second part shall well and truly pay, or cause to be paid, the aforesaid sum of 150 dollars to the party of the first part, at the expiration of each and every year he shall so occupy said leased premises ; and in default thereof, then this lease shall be void and of no further effect." Signed and sealed by the parties.

The plaintiff then averred, that by virtue of said indenture, the defendant afterwards, *viz.*, on the 1st day of *April*, 1844, entered upon all the premises, and became possessed thereof, for the term granted to him as aforesaid ; that during said term, and before one year's rent had accrued, *viz.*, on the 24th of *March*, 1845, said *Stoddard's* right, title and interest in and to said indenture, was, by his assignment thereof, legally vested in the plaintiff, of which assignment the defendant afterwards, *viz.*, on the 31st day of *March*, 1845, had due notice ; that said *Stoddard*, before said assignment, and the plaintiff, his assignee, since, have well and truly performed all things contained in said indenture, on their part to be performed ; that on the 1st day of *April*, 1845, the sum of 150 dollars of said rent for one year of said term became due, and was, and still is, in arrear and unpaid.

The action was brought, in *July*, 1845, and returned to the succeeding term of the county court, in *August ;* when the plaintiff moved to amend his declaration, by inserting a new count. This was objected to, by the defendant, on the ground that it would change the nature or ground of the action. The court allowed the amendment offered ; and a new count, in substance as follows, was made a part of the declaration : That said *Seth Stoddard*, at the time of the making of said indenture was seised in his demesne as of fee of and in the tenements and premises, with the appurtenances hereinafter mentioned to have been demised and leased ; and being so seised thereof, *viz.*, on the 15th day of *February*, 1844, in and by a certain indenture, made by and between said *Seth Stoddard*, of the one part, and said *Alfred Walker*, defendant, of the other part, and sealed with the seals of the parties, said *Seth Stoddard* did demise, grant

and lease unto the defendant, his heirs, executors, administrators or assigns an undivided half of a certain woolen factory, situated in said *Newtown*, and then owned and in the possession of said *Stoddard* and *Walker*, together with all the land and appurtenances, and also with all the machinery, fixtures and appurtenances belonging to said *Stoddard*, and said *Stoddard* and *Walker*, then in and about said factory, (except as in said indenture is excepted;) to have and to hold said factory, land, machinery, fixtures and appurtenances, (except as aforesaid,) unto said *Alfred Walker*, the defendant, his heirs, administrators, executors or assigns, from the 1st day of *April*, 1844, for and during the full term of five years next ensuing and ended; said *Alfred Walker* paying therefor annually, on every 1st day of *April*, during said term, unto said *Seth Stoddard*, his heirs or assigns, the yearly rent of 150 dollars. And said *Alfred Walker* did thereby, for himself, his heirs, executors, administrators or assigns, covenant, promise and agree with said *Seth Stoddard*, his heirs and assigns, that he would well and truly pay, on demand, at said *Newtown*, to said *Seth Stoddard*, his heirs or assigns, said yearly rent of 150 dollars annually; by virtue of which said demise, said *Alfred Walker* afterwards, *viz.*, on said 1st day of *April*, 1844, entered into possession of and upon all said demised premises, with the said machinery, fixtures and appurtenances, and became and was possessed thereof, and so continued possessed, for the space of more than one year of said term; that said *Seth Stoddard,* being so seised, afterwards, *viz.*, on the 29th day of *March*, 1845, at said *Newtown*, by a certain deed of that date, for the sum of 1,500 dollars, received to the full satisfaction by said *Stoddard* of the plaintiff, and in consideration thereof, did give, grant, bargain, sell and confirm to the plaintiff said demised real estate and its appurtenances; to have and to hold the same to the plaintiff, his heirs and assigns forever, to his and their own proper use and behoof; the condition of said deed being such, that whereas said *Stoddard* was indebted to the plaintiff, by note of even date with said deed, in the sum of 1,500 dollars, on demand, with interest, and if said *Stoddard* should pay, or cause to be paid, said note, according to the tenor thereof, said deed to be void, otherwise not; which said deed was signed, sealed

and delivered to the plaintiff, by said *Stoddard*, at said *New-town*, in the presence of the subscribing witnesses, and duly acknowledged before a justice of the peace, and recorded in the land records of the town of *Newtown*, on the 31st day of *March*, 1845 ; and did also, then and there, transfer and assign to the plaintiff all his right, title and interest in and to said demised fixtures and machinery, and all his interest in said lease ; by virtue of which said gift, grant, bargain and sale mentioned in said deed, and of said transfer and assignment of said fixtures, and machinery, and lease, the plaintiff became and still is seised thereof ; that said conveyance, transfer and assignment, so made to him, by said *Stoddard*, were, then and there, made, with the full knowledge and assent of the defendant, and were by him, then and there, assented to and approved ; and the defendant, then and there, on said 29th day of *March*, attorned to and became the tenant of the plaintiff, under said lease, and of said demised premises and machinery ; that although said *Stoddard*, upon the making and execution of said deed, assignment and transfer, and the plaintiff subsequently thereto, have kept and performed all things on their part to be performed ; yet the defendant has not kept and performed any of the covenants and agreements by him made in said indenture ; that after the making of said indenture, and during the term thereof, *viz.*, on the 1st day of *April*, 1845, the sum of 150 dollars of the rent in said indenture mentioned, for one year of said term then elapsed, became due and payable, and was, and still is, in arrear and unpaid to the plaintiff, contrary to the true intent and meaning of said indenture, and of the covenant and promise therein made ; and so the defendant, though often requested so to do, has not kept his said covenant and promise so by him made, but has broken the same, and has neglected and refused, and still does neglect and refuse to keep the same, and to pay the rent so due the plaintiff and in arrear as aforesaid, although often requested and demanded.

To the first count in the declaration the defendant demurred ; and the court adjudged it insufficient.

To the second count, the defendant, after oyer of the indenture of the 15th of *February*, 1844, between *Stoddard* and the defendant, and of the mortgage deed of the 29th of

*March*, 1845, from *Stoddard* to the plaintiff, pleaded, 1st, that said indenture was not, at the time of the execution and delivery thereof, nor has it, at any time since, been, acknowledged, by said *Stoddard* or *Walker*, before a justice of the peace, or any other magistrate authorized to take the acknowledgment of deeds, to be his free act and deed ; nor has the same ever been recorded in the records of the town wherein said estate lies ; and that, by said sale and conveyance from said *Stoddard* to the plaintiff, the leased premises did, before any of the rent or money in the second count mentioned became due and payable, and before any covenant in said lease contained was broken, cease and determine.

The 2nd plea to the second count, after alleging, that said indenture was never acknowledged or recorded, proceeded thus : " And said *Stoddard*, by his deed bearing date the 29th day of *March*, 1845, did, on the same 29th day of *March*, for the consideration of 1,500 dollars, without any reservation or exception of said lease or term of years, covenant with the plaintiff, his heirs and assigns, that at and until the ensealing of said deed, he was well seised of the premises therein described as a good, indefeasible estate in fee-simple, and had good right to bargain and sell the same, in manner and form therein written, and that the same was then, *viz.*, at the time of the execution and delivery of said deed, free and clear of all incumbrances whatever ; and did also therein and thereby bind himself and his heirs to warrant and defend said granted and bargained premises to the plaintiff, his heirs and assigns, against all claims and demands whatever ; which said deed was accepted by the plaintiff ; and upon said sale and conveyance, said lease and term of years in the premises in said deed described, did, before any of the rent or money in the second count mentioned became due and payable, and before any covenant therein mentioned was broken, *viz.*, on the 29th day of *March*, 1845, cease and determine."

The 3rd plea to the second count, as to so much thereof as relates to the premises conveyed by said mortgage deed, alleged, that, at the date of said indenture, the defendant was, and thence until on and after the 1st day of *April*, 1845, he continued to be, the owner in fee of one undivided

half of said factory, land and premises in said indenture mentioned, as tenant in common with said *Stoddard*, until the conveyance hereinafter mentioned by him to the plaintiff, and afterwards, as tenant in common with the plaintiff, and was possessed thereof, during all the time aforesaid, as such tenant in common, and of said demised premises after said conveyance, as such tenant in common, and not otherwise. [It was then averred, as in the preceding pleas, that said indenture had never been acknowledged.] And that said *Stoddard* did, by a certain other deed, containing the like covenants, and expressed to be for the like consideration as in the deed, before shewn on oyer, give, grant, bargain, sell and convey said factory, and the privileges and appurtenances thereunto belonging, in said indenture mentioned, to the plaintiff, before any of the rent or money in the second count mentioned became due and payable, and before any breach of covenant therein mentioned, *viz.,* on the 29th day of *March*, 1845, without any restriction or exception of said lease or term of years, or any part thereof; which last-mentioned deed was then and there accepted by the plaintiff. And said lease and term of years in said deed described did, upon such sale and conveyance, absolutely cease and determine; of which the plaintiff afterwards, *viz.,* on the 1st day of *April*, 1845, gave notice, to the defendant.

The 4th plea to the second count alleged, that as to so much of said count as relates to the assignment, or pretended assignment, of said fixtures and machinery, or said attornment by the defendant, to the plaintiff, as set forth in said second count, said *Stoddard* did not transfer and sell the fixtures and machinery to the plaintiff; nor did he assent to said conveyance or attornment to the plaintiff; in manner and form as the plaintiff in his said second count has alleged.

To the 1st, 2nd and 3rd pleas to the second count, the plaintiff demurred; and the court adjudged them insufficient. On the 4th plea he joined issue; and thereupon the cause was tried, at *Fairfield, February* term, 1851.

On the trial, the plaintiff, for the purpose of proving the assent of the defendant to the assignment made to the plaintiff, and the attornment made to him, as alleged in his declaration, called a witness, who testified, that the next day after said assignment, *viz.,* on the 30th day of *March*, 1845,

*Fairfield,*
June, 1851.

Baldwin
*v.*
Walker.

he, as the attorney of the plaintiff, gave the defendant notice of such assignment, and that he did not recollect that the defendant made any objection thereto ; that on the following day, the day previous to that on which the first year's rent became payable, according to the terms of the lease mentioned in the declaration, the defendant came to the office of the witness, and said, that he could not pay the rent on the day on which it would become due, and wished an extension of time for the payment ; and therefore, the witness went to the plaintiff, and informed him of the wishes of the defendant. The plaintiff then agreed to an extension of time for the payment of the rent, for a period of three days. This agreement on the part of the plaintiff, was, by the witness, communicated to the defendant ; and he agreed, on his part, to pay the rent to the plaintiff, at the expiration of that time. The defendant thereupon claimed, that the plaintiff, by this evidence, had proved an agreement, by which the rent was to become payable on the 4th day of *April*, and not on the 1st day, as set forth in his declaration ; and consequently had shewn, that there was no breach of the contract declared upon, and therefore he could not recover, in this action ; and the defendant prayed the court so to instruct the jury.

The court did not so instruct the jury, but stated to them, that the only questions for them to determine, were, whether there had been an assignment and transfer of the fixtures and machinery, an assent thereto and an attornment to the plaintiff, in manner and form as alleged by the plaintiff in his declaration, and denied by the defendant in his plea.

The jury returned a verdict for the plaintiff. The defendant thereupon moved in arrest of judgment ; which motion was overruled by the court. He then moved for a new trial, and also filed his motion in error ; both of which motions were reserved for the advice of this court.

*Sturges*, in support of the motion for a new trial and for the plaintiff in error, contended, 1. That the amendment of the declaration could not by law be allowed. It constituted a *new ground* of action. The covenant was made with *Stoddard ;* and by the original declaration, the right of action remained in him, when the covenant was broken ; and

this was the only ground of action. Under the new count, the reversionary estate, with the covenant annexed, constitutes the ground of action. *Peck* v. *Sill,* 3 *Conn. R.* 157. *Ball* v. *Claflin,* 5 *Pick.* 303. *Vancleef* v. *Therasson,* 3 *Pick.* 12.

2. That the second count of the declaration, is insufficient. First, an assignee of the reversion, at common law, could not sustain covenant for rent: his remedy was debt. The action of covenant was given by *stat.* 32. *Hen.* 8. *c.* 34. *Thursby* v. *Plant,* 1 *Saund. R.* 237. 240. n. 3. 1 *Sw. Dig.* 362. *Co. Litt.* 214. *a.* § 374. 4 *Cruise's Dig.* 402. *Willard* v. *Tillman,* 2 *Hill,* 274. *Crawford* v. *Chapman,* 17 *Ohio R.* 449. Secondly, by the conveyance of the land to *Baldwin,* the plaintiff below, the lease ceased and determined, and the covenant was extinguished, before breach.

3. That the pleas to the second count are sufficient. First, they allege a conveyance to the plaintiff, not of the reversion, nor of the land subject to the lease, but of a perfect title, which determines the estate of *Walker,* and his covenant with it. *Webb* v. *Russell,* 3 *Term R.* 393. This case has been recognised as undoubted law. *Baker* & ux. v. *Gostling,* 1 *Bing. N. C.* 19. (27 *E. C. L.* 292.) *Pynchon* v. *Stearns,* 11 *Metc.* 304. *Iseham* v. *Morrice, Cro. Car.* 109. 4 *Cruise's Dig.* 271. *Zule* v. *Zule,* 24 *Wend.* 76. *Baldwin* could have brought ejectment, without entry or notice. 1 *Sw. Dig.* 93. *Wakeman* v. *Banks,* 2 *Conn. R.* 445. *Ludford* v. *Barber,* 1 *Term R.* 86. *Walker* could quit, without payment of rent. *Simons* v. *Saltus,* 3 *Denio,* 214. *Welles* & ux. v. *Cowles,* 4 *Conn. R.* 182. Any agreement by *Baldwin* and *Walker,* after the conveyance, could not alter the case. *Ludford* v. *Barber,* 1 *Term R.* 86. *Partington* v. *Woodcock,* 5 *Nev.* & *Man.* 672. (36 *E. C. L.* 418.) The plaintiff accepted such an estate, as the deed, by its terms, conveyed to him. *Fitch* v. *Baldwin,* 17 *Conn. R.* 161.

Secondly, the defendant is not estopped from denying the continued existence of the lease. *Carvick* v. *Blagrave,* 1 *Brod. & Bing.* 531. (5 *E. C. L.* 178.) *Blake* v. *Foster,* 8 *Term R.* 487. *Com. Dig. tit.* Estoppel. *C. F.*

Thirdly, if this were a subsisting lease, *Baldwin* could

*Fairfield,*
*June, 1851.*

Baldwin
*v.*
Walker.

maintain an action of covenant against *Stoddard. Fitch* v. *Seymour,* 9 *Metc.* 462. *Baxter* v. *Bradbury,* 7 *Shep.* 260.

Fourthly, it appears by the third plea, that the plaintiff below elected to determine the lease, and gave notice thereof to the defendant ; and that the defendant thereafter held possession only under his *own title,* and therefore he is not liable. *McKay* v. *Mumford,* 10 *Wend.* 351.

4. That the motion in arrest should have been allowed ; the issue being *immaterial.* First, the attornment or agreement of *Walker,* would not enable *Baldwin* to sue in covenant. It created a new tenancy. *Partington* v. *Woodcock, ubi. sup.* More especially is this true, as to the machinery and fixtures. *Farewell* v. *Dickenson,* 6 *Barn. & Cress.* 251. (13 *E. C. L.* 163.) *Fitchburg Cotton Man. Co.* 15 *Mass. R.* 268. Secondly, attornment is rendered unnecessary, by the statutes 4 & 5 *Anne,* c. 16. *s.* 9. 10. and 11 *Geo.* 2. *c.* 19. *s.* 11. & seq. 1 *Wms. Saund.* 234. n. 4. It was *never* necessary, where the reversion passed by fine, or deed operating by the statute of uses, or by devise. *Ib.* 1 *Term R.* 384. 386. Thirdly, verdict does not cure an immaterial issue. 1 *Sw. Dig.* 781. 1 *Chitt. Plead.* 693. 2 *Wms. Saund.* 319. *b.* n. 6.

5. That the charge to the jury was erroneous. A contract under seal may be waived, altered or discharged, by a parol agreement. *Munroe* v. *Perkins,* 9 *Pick.* 298. *Dearborn* v. *Cross,* 7 *Cowen,* 48.

*Hawley* and *Treat,* contra, remarked *in limine,* that in this case, it appears, that the plaintiff is entitled to recover, in some form of action, of the defendant, the rent for which this suit is brought. The objections are to the form, and not to the merits, of the action. They then contended, 1. That the allowance of the amendment was no ground of reversing the judgment. In the first place, this point was never raised in the superior court. *Rules of Pract.* 18 *Conn. R.* 572. 574. Secondly, the amendments are proper. *Stat.* 77. Thirdly, if not, the allowance of an amendment is no ground of error. *Merriam* v. *Langdon,* 10 *Conn. R.* 460. 8 *Conn. R.* 261. 303. Fourthly, the ground of objection to the amendments is not stated, nor the facts regarding their allowance.

2. That *Baldwin*, as assignee, could maintain this action in his own name. In the first place, it is to be observed, that this question was not involved or raised, in the defendant's pleas to the second count or the plaintiff's demurrer thereto. Secondly, rent is incident to the reversion. *Baldwin* alone could, therefore, sue for the rent becoming due after the assignment to him. *Peck* v. *Northrop*, 17 *Conn. R.* 219. & seq. and cases there cited. Thirdly, a parol lease, with possession, is good for one year. 1 *Sw. Dig.* 260, 1. 2 *Pick.* 271. 14 *Mass. R.* 491. 1 *Pick.* 332. Fourthly, the lease in question was good for the term, between the parties and all others who had knowledge. *Dyer* v. *Wheaton*, 15 *Conn. R.* 307. *Bush* v. *Golden*, 17 *Conn. R.* 594. and other cases too numerous to mention. The lease was only *voidable*, and that by a third party, for whose benefit the statute was made. *Stat.* 458. § 14. Here, a party to the lease attempts to avoid it, as against a third party. *Hodson* & ux. v. *Sharpe*, 10 *East*, 350. 1 *Sw. Dig.* 57. Fifthly, *Stoddard* could convey no greater estate than he had. *Rogers* v. *Moore*, 11 *Conn. R.* 553. Sixthly, *Baldwin's* electing to determine the lease, if true, would not of itself produce that effect. Besides, the allegation of the plea is, that notice was given *April* 1st, 1845, after the rent for which the suit was brought was due, by the terms of the lease. Seventhly, there is no variance, as alleged; and if there was, this is the first time it was ever heard of.

3. That there ought not to be an arrest of judgment for immateriality of issue. For, in the first place, the issue was material; because, the fixtures and machinery were a part of the property originally leased, and for which *Walker* covenanted to pay rent. But secondly, if immaterial, it was tendered by the defendant, and the plaintiff is still entitled to judgment; for a material issue was formed by the other pleadings. 2 *Conn. R.* 249.

4. That the second count was sufficient.

5. That the charge of the court was correct. The claim made by the defendant was not in issue by the pleadings. Besides, the verdict was just, and a new trial would not change the result.

CHURCH, Ch. J. The facts in this case, as developed by

the pleadings, appear briefly to be these. *Seth Stoddard* and the defendant had been tenants in common of the *Woolen Factory*, lands, machinery, &c., described in the declaration ; and on the 15th day of *February*, 1844, *Stoddard*, by indenture under the hands and seals of the respective parties, leased his undivided half thereof to the defendant, his co-tenant, for five years, at an annual rent of one hundred and fifty dollars ; with other stipulations, by both parties. This lease was not acknowledged ; nor had the defendant caused it to be recorded ; but the defendant used and occupied under and by virtue of it, as well as under his right as co-tenant.   Before the expiration of one year, and before any rent had become due and payable, *Stoddard*, on the 22nd day of *March*, 1845, by deed of mortgage, conveyed his interest in the premises to the plaintiff, to secure the payment of fifteen hundred dollars.   The first year's rent became due and was in arrear ; and the plaintiff, as the assignee of *Stoddard*, or as mortgagee, brings this action of covenant to recover it.

The pleadings are unnecessarily prolix and embarrassing ; but there are some principles of importance presented by them, which we shall consider ; and there are some questions made, of no importance, which we cannot permit to stand in our way, and which we dispose of, by saying, that in their application to this case, we cannot sustain the defendant's views.

1. The defendant demurred to the first count for special reasons, and it was, by the superior court, adjudged insufficient ; so that the questions now considered, arise under the second count and the proceedings had under that.

The first objection which we notice, is, that the second count should be disregarded as constituting any part of the case, because it was inserted in the declaration, in the county court, by way of amendment, which could not by law be made, as it changed the nature or ground of the plaintiff's action.   We do not assent to this view of it.   The original count was in covenant, and set forth the indenture as the ground of the action, and averred an assignment of it to the plaintiff, also a notice and a breach, and that the plaintiff sued as the assignee of *Stoddard*.   This count was insufficient, to be sure ; but it shewed the nature and ground of

the action ; and the second count does not shew a different one.    It sets forth, more specially, the manner of the assignment made to the plaintiff, and how he became assignee, not of the lease merely, but of the term—the reversion ; but it does not introduce a new cause of action.

*Fairfield*,
June, 1851.

Baldwin
*v.*
Walker.

2. Perhaps, the most interesting question here is, whether this plaintiff, as an assignee of the rent and reversion, if indeed he be such, can sustain this *action of covenant*, in his own name, for the arrears of rent falling due after the assignment ?    That, by the antient common law of *England*, an assignee, in such case, could only maintain an action of debt, we suppose, must be admitted.    1 *Chitt. Pl.* 114.    1 *Sw. Dig.* 360.    *Cro. Car.* 109.    *Thursby* v. *Plant*, 1 *Wms. Saund*, 237. and notes.    But this state of the law was changed, by *Stat.* 32. *Hen.* 8. *ch.* 34., as it was found to be embarrassing in its practical effects.    It would be found to be equally so here, if adopted by us.    We have not yet adopted it, either by judicial recognition, or legislative enactment.    Many of our sister states have, by constitutional or legislative provisions, recognised the common law of *England* as a part of their codes of law.    We have not. We have, in our judicial practice, adopted so much of the common law as was operative as law, in the father-land, when our ancestors left it, and which was adapted to the new state of things here, under our colonial condition.    This was our inheritance.    But no abrogated or repealed law of *England* was considered as existing or binding here : the colonists brought no such law with them ; they inherited no such law.

We ought not to introduce the principle for which the plaintiff in error contends, into our system.    It is unnecessary, and, as we think, inconsistent with other well established doctrines of the common law regarding the rights and liabilities of assigns.    An assignee of a lessee may sue in covenant, and is liable in the same form of action.    There can be no sufficient reason why the assignee of a lessor should stand differently related to other parties to the lease, and especially why he may not sue in covenant for rent falling due in his own time.    And the case is stronger, if there has been an assent or attornment, as it is called, in these pleadings, by which the priority of contract is supposed to

be transferred.    *Thursby* v. *Plant*, 1 *Wms. Saund.* 237. and notes.    1 *Chitt. Pl.* 114.    1 *Sw. Dig.* 361.    *Allen* v. *Bryan*, 5 *Barn. & Cress.* 512.    (11 *E. C. L.* 292.)

3. The burden of the second, third and fourth pleas to the second count in the declaration, is, that the lease or indenture from which this action arises, was neither acknowledged nor recorded; and therefore, that the plaintiff holds the premises, as assignee or mortgagee, irrespective of the lease, and not as owner of any reversion, to which rent is attached. This objection, it seems to us, does not come well from the defendant, so long as the plaintiff recognises the lease as a valid and subsisting one, and makes his claim under it.    For one year, it would be good, without being acknowledged or recorded—for the year in which this rent became payable. 1 *Sw. Dig.* 132.    The lease was not void, for the reasons suggested by the plaintiff—it might be avoided by such third persons as had a right and an interest in doing so, as a lease for a longer period than one year; but no one makes claim against it, but the defendant, who has occupied under it, and by whose neglect it was not recorded.

The lease of *Stoddard* to the defendant, therefore, as between these parties, must be treated as an effective one, and as leaving, when made, a reversion in *Stoddard*.    By his mortgage to the plaintiff, this reversion, as a subsisting legal interest, was conveyed or assigned to the plaintiff, unless he elected to treat it as void.    This he has not done, but claims, as he may, his right as mortgagee or assignee to the rent incident to such reversion.    2 *Cruise's Dig.* 111.    *Moss* v. *Gallimore, Doug.* 275.    2 *Sw. Dig.* 170.    *Fitchburgh Man. Co.* v. *Melven*, 15 *Mass. R.* 268.    If the lease had been executed after the mortgage to the plaintiff, he could not, as mortgagee perhaps, have any remedy for the recovery of this rent, without attornment, for want of legal priority. *Partington* v. *Woodcock*, 5 *Nev. & Man.* 672. (36 *E. C. L.* 418.)    *McKircher* v. *Hawley*, 16 *Johns. R.* 289.    The defendant relies much on the case of *Webb* v. *Russell*, 3 *Term R.* 393. as sustaining his claim, that this plaintiff has no reversionary interest.    But in that case, the covenant to pay rent was made with a mortgagor, and the lease by a mortgagor, in whom, as the court said, there was no legal interest, and who was, therefore, to be treated as a stranger

to the legal estate.    Here, if the plaintiff cannot sue for and
recover the rent, no one can, if the claim of the defendant
is regarded.    If the lease ceased and determined, when the
mortgage was made, *Stoddard* had no longer any claims
under it ; and if the plaintiff took no reversionary interest,
he can claim no rent, and the defendant goes free.

The defendant, to be sure, claims, that his third plea to
the second count, alleges that the plaintiff elected to deter-
mine the lease, and gave the defendant notice of it, and of
course, that he did not recognise the existence of any rela-
tionship of landlord and tenant as existing, but claimed the
rights of a tenant in common only, under his mortgage deed.
But such is not the legal import of the averments in that
plea.    The plea avers the fact of the lease, the want of
acknowledgment, the mortgage and the notice ; and these
are, in this part of it, the only traversable facts it alleges.
The further averment, that the defendant was thereafter in
possession, holding as tenant in common with the plaintiff,
and *not otherwise*, is an averment of a legal deduction or in-
ference only, and not traversable.    The words *not otherwise*,
are not to be regarded as any traverse of any fact alleged
by the plaintiff, in the second count.    And the further alle-
gation, that upon the acceptance of the mortgage deed, the
lease did absolutely cease and determine, is of the same
character ; and whether it did so cease and determine, is an
inference of law, and not an independent fact averred.

The view we have taken of the validity and legal effect
of the lease, as against the defendant, and of the operation
of the mortgage deed, necessarily shews all these pleas in
bar, to which there has been a demurrer, to be insufficient.

4.  And yet the defendant moves in arrest of the judgment,
on the ground that the second count is insufficient, and the
issue joined upon it immaterial ; and this, because it alleges
an assignment to the plaintiff of the machinery in the fac-
tory, which being personal estate, the plaintiff, as assignee,
can have no such estate in reversion in it, as to claim rent,
by reason of it : that rent issues out of real estate only.

This property is described as machinery, fixtures, appur-
tenances.    Machinery *in a factory*, has been adjudged to be
personal estate, when it is not firmly attached to the build-
ing, and can be moved without injury to it, or to the

*Fairfield,*
June, 1851.

Baldwin
*v.*
Walker.

machinery itself.    *Swift* & al. v. *Thompson*, 9 *Conn. R.* 63. But machinery used in a factory is not necessarily personal property ; and whether it is so, depends upon the manner of its connexion with the realty.    And where this is not shewn, it may as well be presumed, that it was so affixed as to constitute it, while thus connected, a part of the building, as otherwise.    But however this may be, here was a lease of the factory, machinery, fixtures, &c., as one entire subject, at an entire rent, and the parties treated the whole as one thing, for the use of which rent was to be paid and received. Each part must be used with the other, or the whole was useless.

The allegations in this count of an attornment, or an agreement by the defendant to pay rent to the plaintiff, after the assignment to him, are pertinent ; and so is the averment, that " the said *Stoddard* never sold or assigned the machinery and fixtures to the plaintiff ;" and these form a part of the issue joined and put to the jury, in the case, under this count.    The allegation of an attornment was not equivalent to that of another tenancy, but that the defendant became tenant and occupied under the lease, and not merely as a tenant in common with the plaintiff.    The fact of attornment was a recognition, by the defendant, of the reversion in the plaintiff.

5. The case went to the jury upon the issue in fact, closed upon the plea of the defendant.    And now, the defendant insists, that the judge mistook the law in his charge.    After having been so long involved in a legal mist, made by these pleadings, it would not be strange, if this were so.

This claim of the plaintiff rests upon the refusal of the court to instruct the jury, that the plaintiff's proof amounted to an extension of the time for the payment of the rent ; and therefore, that the rent did not fall due until the 4th day of *April*, instead of the 1st day, as alleged in the declaration.

The evidence was offered to prove, and did prove, the facts alleged by the plaintiff, and which were specially denied, by the defendant, in that part of his special plea, on which he tendered the issue to the plaintiff ; which issue was, whether there had been an assignment of the machinery and fixtures to the plaintiff, and an assent and attornment by the

defendant. Whether the time of payment had been extended, was not in issue here. The defendant had made no such claim, but denied that he was liable to pay, at any time.

Besides, the willingness of the plaintiff to accept the rent, on the 4th of *April*, as expressed to his own attorney, amounted to no obligation, on his part : the assent was merely for the accommodation of the defendant, without any legal or moral consideration ensuing to the plaintiff.

We are satisfied, that the defendant has no legal ground of complaint ; and that the judgment ought neither to be arrested, nor a new trial granted.

In this opinion the other Judges concurred.

Judgment affirmed ;
New trial denied.