JOSHUA ROOKEY *vs.* THE STATE OF CONNECTICUT.

Third Judicial District, Bridgeport, October Term, 1897.    TORRANCE, BALDWIN, HAMERSLEY, HALL and ELMER, Js.

By the common law of this State the crime of rape necessarily includes the lesser offense of an attempt to commit rape, of which the accused may be convicted upon an information charging the greater crime.

Section 1407 of the General Statutes provides that anyone who shall, "with actual violence, make an assault upon the body of any female, with intent to commit a rape," shall be imprisoned, etc. ; and that any person indicted for rape may be convicted of the offense mentioned in that section.    *Held* that this section did not create a new statutory offense nor alter the former course of procedure, but merely prescribed a new penalty for an existing common-law offense.

Upon an information in the usual form charging rape, the jury found the accused "guilty of the crime of attempt at rape."    *Held* that this was, in legal effect, a verdict finding the accused guilty of "an assault with actual violence upon the body of a female, with intent to commit the crime of rape," as provided in § 1407, and designated with sufficient clearness and certainty the crime of which he was found guilty, under the information.

[Argued November 2d—decided November 30th, 1897.]

WRIT of error to review a judgment of conviction rendered by the Superior Court of Fairfield County, *Andrews, J.,* in a criminal prosecution against the plaintiff for rape, brought to the Supreme Court of Errors holden at Bridgeport within and for the third judicial district, on the fourth Tuesday of October, 1897.    *No error.*

The writ recites the material parts of the information, plea, verdict of the jury and judgment in the Superior Court. The information was in the usual form of an information for rape.    The verdict and judgment were recorded as follows : "The prisoner appeared and for plea said 'Not guilty,' and after a full hearing the case was committed to the jury, who returned a verdict of 'guilty' of the crime of 'attempt at rape' under the said information. · It is therefore considered

by the court that the prisoner is guilty of the crime 'attempt at rape' under the said information. The court thereupon sentenced the said prisoner to be confined," etc.

The errors specially assigned were, in substance: 1. The court erred in not holding the verdict to be a special verdict and, as such, omitting the essential facts necessary to constitute any offense and to warrant the rendition of any judgment. 2. The court erred in rendering judgment, and in not holding that the verdict was equivalent to a verdict of "not guilty;" because the verdict designated no statutory or common law offense, and did not find the defendant guilty of any offense.

The answer of the State to the writ was "nothing erroneous."

*James T. Lynch*, for the plaintiff in error.

An "attempt at rape," or "an attempt to commit a rape," was not an offense at common law.· *State* v. *Wells*, 31 Conn. 212. A verdict which finds the accused guilty of an act for which he cannot be punished under an indictment, or which omits from its finding any essential legal element necessary to constitute an offense, will not sustain sentence. *Com.* v. *Call*, 21 Pick. 513; *Rhoades* v. *Com.* (Penn.), 6 Atl. Rep. 245; *U. S.* v. *Busso*, 18 Wall. 125; *Nelson* v. *People*, 23 N. Y. 298; 1 Arch. Crim. Pr. & Pl. (8th ed.) 570; *State* v. *Moore*, 31 Conn. 487; *Huffman* v. *State*, 89 Ala. 33; 1 Gra. & Wat. New Trials, 144; 1 Chitty's Crim. Law, 643, 644, and cases cited. If the *assault* was not actually committed and the *intent* did not exist, which the jury impliedly found in the negative, then the offense described in § 1407 of the Gen. Stats. was not committed. 2 Sw. Dig. 414; *Dyer* v. *Com.*, 23 Pick. 403; *State* v. *Wells*, 31 Conn. 212; *Fox* v. *State*, 34 Ohio St. 377; *Brown* v. *State*, 7 Tex. App. 569; *State* v. *Martin*, 3 Dev. (N. Car.) 329; *Nelson* v. *People*, 23 N. Y. 298. In every State where a verdict of "attempt at rape," "assault to commit rape," or "attempt to commit rape" have been held sufficient, they have a general statute against "attempts to commit crime." *In re Lloyd*, 51 Kan. 502; *Cox* v.

Rookey *v.* The State.

*People*, 82 Ill. 192 ; *De Lacy* v. *State*, 8 Baxt. (Tenn.) 401 ; *Hill* v. *State*, 58 Ga. 126 ; *Miller* v. *State*, 53 id. 202 ; *People* v. *Lawton*, 56 Barb. 130 ; *Young* v. *Com.*, 12 Bush (Ky.), 244 ; *State* v. *McLaughlin*, 44 Ia. 86 ; *Slate* v. *Yocum*, 117 Mo. 626. The court erred in not holding and deciding that the verdict of the jury was equivalent to a verdict of " Not guilty," and in sentencing the plaintiff in error. *State* v. *Cox, supra ; In re Ayers*, 123 U. S. 443 ; *Ex parte Fisk*, 113 id. 313 ; *Neilson, Petitioner*, 131 id. 197 ; *Ex parte Royal*, 117 id. 241 ; *Ex parte Kearney*, 55 Cal. 212.

*Galen A. Carter, Jr.*, Assistant State's Attorney, for the defendant.

This whole case lies in a nutshell. Is a verdict of guilty of " attempt at rape," such a verdict as would subject the plaintiff to the penalty prescribed by § 1407 of the General Statutes ? What is the definition of " an attempt" in legal parlance ? " An intent to commit a crime, and an act done in pursuance thereof which falls short of the thing intended." Anderson's Law Dict. p. 90. An attempt to commit a rape is an offense at common law. 2 Sw. Dig. 324. The expressions " attempt at rape," and " assault with intent to rape," have been used synonymously. 1 Amer. & Eng. Ency. of Law, 936 ; *Prince* v. *State*, 35 Ala. 369. A former conviction on an indictment for an " attempt to commit a rape," is a good bar to an indictment for a rape. *State* v. *Shepard*, 7 Conn. 54 ; *State* v. *Nichols*, 8 id. 496 ; *State* v. *Wells*, 31 id. 212. Even if the verdict could be regarded as a special verdict, the jury necessarily found all the essential facts. Could the jury have found the facts any more specifically by saying " guilty of assault with attempt to rape ? " There could not be any "attempt at rape " without an assault.

HAMERSLEY, J. The verdict complained of is not a "special verdict," and so the argument of the plaintiff in error in respect to the requirements of such a verdict is not pertinent to the case. The verdict in a criminal case is either *general*, on the whole charge, or *partial*, as to a part of the

Rookey v. The State.

charge (as when the accused is convicted on one count of an indictment, or upon one part of a count capable of division, or of an offense of inferior degree included in the accusation of a higher crime); or *special*, by which the facts of the case are put upon record and the law is submitted to the court.

The rule that requires a special verdict to state all the circumstances constituting the offense, does not apply to either a partial or a general verdict; both must answer the issues raised by the indictment and the plea, both must state with certainty the general conclusion of guilt or innocence, but neither should detail the facts which support that conclusion. 2 Swift's Dig. 439; 1 Chitty's Cr. Law, 636; 1 Bish. Crim. Proced. § 832. The only special requirement discussed in the books as to the form of a partial verdict convicting one of an offense included in the accusation of a crime of higher degree, is that the verdict shall find the accused not guilty of the greater as well as guilty of the lesser crime. The failure to do so was once deemed by the English law a fatal defect; but the rule was questioned by Chitty as obsolete in his day (1 Cr. Law, 641); and when JUDGE SWIFT in his Digest spoke of the acquittal of the greater crime as necessary to the validity of the verdict, he doubtless had in mind the old rule, and overlooked the more recent authorities cited by Chitty. It is evident that a verdict of conviction of the lesser crime must involve an acquittal of the greater, and that this result should be directly stated; but a failure to do so is not a fatal defect. In the case before us, the crime charged includes the lesser crime of attempt at rape, and the partial verdict rendered is legally equivalent to,—"not guilty of rape, but guilty of attempt at rape."

The claim is made that this partial verdict cannot support any judgment, or should be treated as an acquittal, because the crime of inferior degree, of which the accused might properly have been convicted, is incorrectly described; the only proper description of this crime being "an assault with actual violence upon the body of a female, with intent to commit a rape," using the words of the statute (§ 1407) prescribing the punishment for the crime.

This claim assumes that § 1407 of the General Statutes does not simply fix the punishment of the common law offense of attempt at rape, but creates a statutory offense previously unknown, whose legal designation must be co-extensive with the statutory definition.  Such seems to have been the ground of decision in the Ohio case cited.  *Fox* v. *State*, 34 Ohio St. 377.  The Ohio criminal code defined the crime of rape. Attempt at rape was not an offense known to the law ; but the statute provided that " whoever assaults another, with intent . . . to commit rape . . . upon the person so assaulted, shall be imprisoned," etc.  The court held that the statute was the only provision of law making an attempt to commit rape an offense; that the words "attempt to commit rape," having no legal meaning, must have been used in the verdict in their ordinary meaning, and are not " in their ordinary meaning the exact equivalent of the words ' assault with intent to commit rape '."  Therefore, in returning a verdict of " guilty of attempt to commit rape," the jury might have convicted the accused of an " attempt " in the ordinary meaning of the word, which was not a criminal offense. From this conclusion BOYNTON, J., dissented.  Assuming a similar construction of our statute to be permissible, we think the verdict in the case a valid one.

The principle affecting the form of a general or partial verdict of " guilty " is, that as finally rendered and recorded it shall clearly and certainly designate the crime charged in the indictment, for which punishment is to be inflicted.  The general verdict of " guilty," separated from its surroundings, is wholly indefinite ; but as actually rendered it is certain. The clerk asks the jury whether the accused is " guilty of the crime whereof he stands indicted or informed against, or not guilty ; " and if the foreman answers " guilty," the clerk then says : " Gentlemen of the jury, hearken to your verdict as the court have recorded it.  You on your oaths do say that A. B. is guilty of the crime whereof he stands indicted or informed against; so say you all."  The assent of the jury to this statement constitutes the actual rendering of the verdict.  2 Swift's Dig. 439 ; *Watertown Eccl. Society's Appeal,*

46 Conn. 230, 233 ; *State* v. *Hoyt*, 47 id. 518, 533.   So in the rendition of a partial verdict, the general statement by the foreman, of guilt of the inferior crime, is limited by the assent of the jury to the verdict as stated by the clerk.   In this case the verdict assented to by the jury was : " Guilty of the crime of attempt at rape as charged in the information against him ; " and the statutory element of " assault with actual violence " being included in the charge referred to, is included in the verdict.

We must assume that in every case this established proced- ure has been followed, unless the contrary appear from the record.   The record before us recites the verdict rendered as " guilty of the crime of attempt at rape under the said information."   Such a verdict complies with the essential requirements of clearness and certainty.   It is mere trifling to suggest that possibly the jury might have meant that the accused was guilty of some attempt which was not a crime, or which was not an attempt to commit the crime of rape, as charged against him in the information.

We think, however, that our decision should be put on a broader ground, to wit : the language used by the foreman in stating the finding of the jury, " Guilty of attempt at rape," is in itself an appropriate legal form for announcing a conviction of the inferior crime charged in the information, just as truly as the single word " guilty " is the proper form for announcing a conviction of the greater crime.

It is not true that § 1407 creates a new statutory offense. By the common law of this State rape is a crime, and assault with intent to commit rape is a crime ; each has a well defined meaning which has not been altered by statute.   The latter crime is properly designated either as an " attempt to commit rape," or as an " assault with intent to commit rape."   Both names have received the sanction of this court, and each is a correct legal designation of the crime.   The foundation of our common law in respect to crimes was laid at the establish- ment of our commonwealth, in 1639.   The English common law as then existing was not adopted here.   1 Col. Rec. 36, 138, 509 ; Laws of New Haven Colony, 1656, pp. 12, 13 ; 2 Col.

Rec. 184; 5 Conn. Hist. Soc. Col. 491; 4 Col. Rec. 412; 6 id. 144; 8 id. 578; 12 id. 423; Preface to Rev. of 1672; Rev. 1750 p. 1; Rev. 1784, ed. 1786, pp. 1, 2, 67; 1 Root, XIII, XIV; *Holmes* v. *Williams,* 1 Root, 335, 343; Rev. 1821, p. 177 *n.; Fitch* v. *Brainerd,* 2 Day, 163, 189; *Baldwin* v. *Walker,* 21 Conn. 168, 180; *State* v. *Keena,* 64 id. 212, 214, 215. The underlying theory of the Connecticut law and of the English law, was the same : acts in violation of the public peace, and of the rules prescribing the duties of individuals to the State and to each other, as settled by universal acceptance, are offenses. Where these rules are not formulated by statute, they may be declared by courts; and a " common law " is developed in the process of so regulating the application of this theory through legislation and judicial decisions, as to produce a reasonable and defined system of jurisprudence. The main difference lay in the fact that Connecticut referred to " Jehovah, the great law-giver," to the " word of God," to the " justice and equity held forth in that Word," as authority for those universal rules which magistrates and legislators, " being intrusted by the freemen," have power, as " ministers of God for the good of the people, to declare, publish and establish," and made a fresh start on this basis; while the law of England, derived in theory from the same source, referred more directly to ancient statutes and customs, which had already moulded the underlying rules into a code in many respects repugnant to the conception of criminal law whose evolution became noticeable early in the 17th century. Our ancestors, in developing their criminal jurisprudence, adopted so much from the English common law, that the law in the two countries became for most practical purposes the same; but they did not adopt all the sanguinary features of the English code, nor the subtleties of technical distinctions that had grown out of conditions foreign to a new country.

When, therefore, our General Court in 1642 ordered that any man who shall " forcebly and without consent ravish any mayd or woman " shall be put to death, it prescribed the punishment for a definite crime at common law; as well by

the word of God referred to in the act (Deut. 22, 25), as by the ancient statute Westm. 2, c. 34, referred to by the common law of England as then existing. The crime was the same in both aspects: the successful use of physical force by a man upon a woman for the accomplishment of unlawful copulation. According to West's Simboleography, first published in 1590, and for the following fifty years a most commonly used authority, "unlawful copulation is every carnal conjunction had out of lawful matrimony, and it is . . . . . either voluntary or violent; . . . . . violent, is termed a rape or ravishment." 2 West's Symb., Indictments,. etc., § 54. All the elements of the crime,— the assault with physical force resulting in copulation against the will or consent of the victim, — are signified by the word rape, and the essential element of physical force alleged by the word "ravish." This appears from the precedents of indictment given by West, showing, in some merely the essential allegation, and in others details which were afterwards deemed material. "One O. etc. against her will feloniously did ravish, against the peace," etc. § 172. "Upon one A. etc. did make an assault and then and there the same A. against the will of said A. feloniously did ravish and carnally know, against the peace," etc. § 174. "With force and arms, viz., swords, staves, etc. upon F. etc. did make an assault and the body and belly of the aforesaid F. with his hands feloniously did wound, strike and lacerate, and the same F. against her will did then and there carnally know and feloniously ravish, against the peace," etc. § 328. Archbold, in more recent times, gives the violent assault and the resulting rape as the bones of a legal indictment. Archb. Cr. Pr. & Pl. (580). Indeed the indictment is in effect an allegation that "A. B. upon the body of C. D. did make a violent assault with intent to commit a rape, and her, the said C. D., did then and there ravish;" and so Archbold says in general (p. 459), that every attempt to commit a crime against the person of an individual without his consent, involves an assault under such circumstances that, had the attempt succeeded, the defendant might have been convicted of the crime.

This is especially true of rape, violence in the assault, *i. e.*, the use of physical force for the purpose of compelling submission, being one of the circumstances essential to make the successful attempt a rape.   The Pennsylvania Supreme Court, in an early case, held that "ravish" includes an averment of force and against the will.   *Harman* v. *Com.*, 12 Serg. & Rawle, 69.   And our common law crime of attempt at rape requires an assault with physical force both adapted to and intended to result in rape.   *State* v. *Danforth*, 3 Conn. 112, 115.   The essence of the crime of rape does not lie in the act of copulation—that may be lawful or unlawful,—but in the use of physical force for the purpose of compelling submission. It is the great injury involved in this indignity that characterizes the offense.   Perhaps the range of the crime has been extended by construction, but this is its real essence.   In this respect rape differs from almost every other offense. The attempt to commit rape is not only necessarily involved in the committal of the offense, but the criminality of the completed act must be found in the nature of the attempt which is scarcely less atrocious.   Formerly we punished the crime by death, and the attempt by imprisonment for life. Our common law, in defining the crime of rape, defined the crime of attempt to commit rape.   The latter is involved in the former, and an indictment for the greater crime of necessity charges the lesser.   So our common law has always permitted a conviction of the attempt, upon an indictment for rape. In this it differed from the common law of England, because the symmetry of that law was broken by the technical distinction between felony and misdemeanor, and the results flowing from that distinction.   The "felony" of the English common law was foreign to our conditions and was not included in our common law (*State* v. *Setter*, 57 Conn. 461, 466) ; and the consequent rule which forbade a conviction of attempt upon an indictment for rape, because the former was a misdemeanor and the latter a felony, was never recognized by our law; on the contrary the accused may in such case be convicted of the attempt, because that is necessarily included in the greater crime and the facts constituting the attempt

are alleged in the indictment for rape. *State* v. *Shepard*, 7 Conn. 54, 56; *State* v. *Parmelee*, 9 id. 259, 260; *State* v. *Dowd*, 19 id. 388, 391; *State* v. *Setter*, *supra*, 468. In *State* v. *Shepard*, the case of *Com.* v. *Cooper*, 15 Mass. 187, is cited as concurring in the view expressed, and it is now suggested that the latter case is modified by the decisions in *Com.* v. *Newell*, 7 Mass. 245, 249, and *Com.* v. *Roby*, 12 Pick. 496. In *Com.* v. *Cooper* the court seems to have held that the crime of attempt at rape is necessarily included in the crime of rape, and therefore one accused of rape can be convicted of the attempt, unless such conviction is prevented by the rule of the English law, in force in Massachusetts, that one accused of a felony cannot be convicted of a misdemeanor although the lesser offense is necessarily included in the greater; and also to have held that the Massachusetts statutes of 1784 and 1805 changed this rule and permitted the conviction of a misdemeanor on a charge of felony. It was upon the construction of these statutes that *Com.* v. *Cooper* was modified by the other decisions; and we have never supposed that they questioned the decision that an accused could be convicted of an attempt, upon a charge of rape, unless the English rule, which we have not adopted, were interposed. But if *Com.* v. *Cooper* must be considered as wholly overruled in Massachusetts, we think the principle of the case, aside from the question of statutory construction, is sound, and it is firmly established by our own decisions.

It follows from these considerations that § 1407 did not create a new statutory offense, but merely prescribed a new penalty for an existing common law offense; and in referring to that offense as an "assault with actual violence on the body of a female, with intent to commit rape," did not alter the character of the offense, but in this respect was in affirmation of the common law. Our statutes are full of instances where in fixing the punishment of a common law offense the crime is referred to, sometimes by its ordinary legal name, as rape, burglary, arson, etc., and sometimes by other descriptive words, more or less full. Such statutes as affecting the identity of the crime, are held to be in affirmation of the com-

mon law.   *State* v. *Gaul*, 50 Conn. 578, 580 ; *State* v. *Worden*, 46 id. 349, 362.   This view is entirely consistent with *State* v. *Nichols*, 8 Conn. 496, and *State* v. *Wells*, 31 id. 210. In those cases the court was dealing only with the claim that the indictment did not follow the words of the statute, and held that to be unnecessary if the crime mentioned were sufficiently alleged.   In the latter case the opinion fairly implies that the descriptive words in the statute (§ 1407) indicate an attempt to commit rape at common law, although the decision did not turn on that question.   In 1790 " Newgate " was established as a State prison, and the Act prescribed what offenses should be punished by imprisonment in Newgate. In 1792 a supplementary " Act for punishment of certain offenses in Newgate," was passed ; among these offenses was that of attempt at rape, described as " if any person shall with force and arms and actual violence an assault make upon the body of any female with an intent to commit a rape." This Act is the origin of § 1407.   It prescribes imprisonment in Newgate as the punishment for an existing common law offense, and the language of the Act expresses, but does not alter, the descriptive elements of the existing offense.   Before, as well as after the passage of the Act, an attempt at rape was an assault with force and arms and actual violence with intent to commit a rape.   The provision in § 1407 authorizing the conviction of an attempt upon an indictment charging rape, was added in the Revision of 1875, and is plainly in affirmance of the common law.

Our conclusion is : that by the common law of this State attempt to commit rape is a crime necessarily included in the crime of rape and necessarily alleged in an indictment charging rape, and upon such indictment the accused may be convicted of the attempt; that in these respects § 1407 is in affirmance of the common law ; that " attempt to commit rape," and " assault with intent to commit rape," are legal designations of the crime whose punishment is prescribed by § 1407, and in meaning the equivalent of " assault with actual violence upon the body of a female with intent to commit the crime of rape ; " and that a partial verdict upon an informa-

tion for rape, finding the accused "guilty of the crime of attempt at rape," complies with the essential requirements of clearness and certainty in designating the crime of which the accused is found guilty, under the information.

There is no error.

In this opinion the other judges concurred.