Per Curiam.

The primary contention made by the petitioner is that his indictment was invalid. The pertinent part of such indictment read as follows:
“That James "Weaver late of said county, on or about the 15th day of June in the year of our Lord, one thousand nine hundred and fifty-two at the county of Mahoning aforesaid, unlawfully and forcibly raped or ravished * * * she * * * then and there being his daughter, contrary to the statute in such cases made and provided and against the peace and dignity of the state of Ohio.”
Section 12413, General Code, under which petitioner was indicted, read as follows :
“Whoever has carnal knowledge of his daughter, sister, or a female person under 12 years of age, forcibly and against her will, shall be imprisoned in the penitentiary during life'; and whoever has carnal knowledge of any other female person forcibly and against her will shall be imprisoned in the penitentiary not less than three years nor more than 20 years. ’ ’
It is the contention of the petitioner that the omission of the words, “against her will,” constituted an omission of one of the essential elements of the crime and thereby invalidated the indictment.
The indictment was drawn according to the prescribed statutory form for such offense set forth in Section 13437-6, General Code (Section 2941.07, Revised Code).
The question which we must determine is whether such statutory form sets forth the essential elements of the crime defined by Section 12413, General Code (Section 2905.02, Revised Code). The essential elements of the crime of aggravated rape, under Section 2905.02, Revised Code, as set forth in the opinion of Judge Taft in State v. Daniels, 169 Ohio St., 87, 103, are “ (1) carnal knowledge (2) against the will of, i. e., without the consent of, (3) either (I) a daughter (II) a sister or (III) a female under 12.”
The indictment in the present instance did not include the words, “against her will,” as used in the statute. Although it *417 is true that an indictment must set forth the essential elements of the crime charged, it is not necessary that an indictment be in the words of the statute. Section 13437-4, General Code (now Section 2941.05, Revised Code), read as follows:
“In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statements may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.”
The indictment in the present instance read as follows:
“James Weaver * * * unlawfully and forcibly raped or ravished # # # she * * * then and there being his daughter. ’ ’
Rape is defined in Black’s Law Dictionary as “the unlawful carnal knowledge of a woman by a man forcibly and against her will.” This, of course, is the basic definition of rape and the one which would be commonly known to the layman. It has been held that an averment that an accused forcibly raped and ravished a woman connotes that it was against her will. Harman v. Commonwealth, 12 Serg. & R., 69; Rookey v. State, 70 Conn., 104, 111, 38 A., 911.
When the words used in this indictment are considered in their common and ordinary, usage, with the meaning placed thereon by the ordinary layman as well as the lawyer, it is clear that the indictment charged the offense set forth in Section 12413, General Code (Section 2905.02, Revised Code). The omission of the words, “against her will,” in no way invalidated such indictment. The purpose of the indictment was completely fulfilled. It informed the petitioner of the crime with which he was charged. Under this indictment there should have been no doubt in his mind as to the charges against him ; if there had been such doubt, he was entitled to a bill of particulars under Section 13437-6, General Code (Section 2941.07-, Revised Code).
The petitioner was represented by counsel, and the indictment was drawn in the prescribed statutory form (Section 13437-6, General Code). Under such circumstances, an ac *418 cused cannot sit back and invite error. As was said in the opinion in City of Cincinnati v. Schill, 125 Ohio St., 57, 60, “but if an accused person feels that the charge filed against him is vague, indefinite and uncertain, and that he is prejudiced thereby, he must not enter his plea, sit smugly through his trial, and complain for the first time by the interposition of a motion in arrest of judgment.”
The petitioner also urges that since his daughter was over 12 years of age he could not be guilty of the crime charged under the statute. In this the petitioner is in error. Section 12413, General Code (Section 2905.02, Revised Code), is written in the disjunctive. Separate crimes are defined therein. One is carnal knowledge of a daughter or sister, the other is carnal knowledge of a female under 12. In a prosecution for rape of a daughter or sister age is not a factor.
Petitioner’s final contention is that the prosecution under Section 12413, General Code (Section 2905.02, Revised Code), placed him in double jeopardy. He bases his claim on the fact that prior to his prosecution under Section 12413, General Code (Section 2905.02, Revised Code), he was found guilty in the Juvenile Court of contributing to the delinquency of a minor under the same set of facts.
The plea of double jeopardy is a matter of defense which must in the first instance be raised in the trial court or it is waived. In the event of error in regard thereto, an accused has an adequate remedy by way of appeal.
The question of double jeopardy is one'which goes not to the jurisdiction of the trial court but rather to the judgment and sentence. These are issues which must be raised by appeal and are not cognizable in a habeas corpus proceeding Birns v. Sweeney, Sheriff, 154 Ohio St., 137, and Ex parte Van Hagan, 25 Ohio St., 426. It is fundamental that habeas corpus cannot be substituted for appeal. McConnaughy v. Alvis, Warden, 165 Ohio St., 102, and In re Harley, 167 Ohio St., 48.
In other words, double jeopardy is not a ground for relief by habeas corpus after conviction of the accused by a court having jurisdiction of the person and the subject matter. Annotation, 8 A. L. R. (2d), 285.
Petitioner has made no showing of any invasion of his con *419 stitutional rights nor has he shown any lack of jurisdiction of the court over either his person or the crime.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.