STATE OF NORTH CAROLINA v. HARVEY SNIPES

No. 848SC155

(Filed 6 November 1984)

**Larceny § 7.3— ownership of property stolen—question for the jury**
In a prosecution for felonious larceny of a horse in which defendant admitted taking the horse, there was at least an issue for the jury as to ownership of the property and a corresponding right to possession where defendant had sold the horse in a defeasible sale, the condition to the sale never transpired, defendant demanded return of the horse from the original and subsequent vendee, and defendant never received payment in full for the horse but advised the original purchaser to retrieve his first payment.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 10 September 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals 16 October 1984.

Defendant was convicted of the misdemeanor of larceny of a horse or gelding and gave notice of appeal. He did not perfect his appeal, and this court has allowed certiorari to consider his appeal.

*Attorney General Rufus L. Edmisten by Associate Attorney General Sueanna P. Peeler for the State.*

*Braswell, Taylor and Brantley, by Roland C. Braswell for defendant appellant.*

HILL, Judge.

The State presented evidence that in 1978 defendant owned a Tennessee Walking Horse. Defendant made an oral contract with William Conley to sell him the horse for $500.00, the purchase price to be paid $100.00 down and the balance over a period of time. Defendant testified that the sale was conditional upon his daughter's consent to the sale. Two or three days later defendant advised Conley that his daughter did not wish to sell the horse and for Conley to come by his office and pick up his check. Conley did not come by for his check and it was still in defendant's possession at the time of trial.

At trial, defendant testified that the horse disappeared from his property some time after his conversation with Conley, and that he advised Conley and Conley's brother-in-law, Newsome, that he wanted the horse back. Defendant also attempted to remove the horse from the property of one David Lane, but was not allowed to do so.

Newsome testified that he purchased the horse from Conley and kept the horse on his property. He was aware the defendant wanted the horse back. On 17 January 1981, he observed defendant load the horse in his trailer and carry it away without his permission. Thereafter Newsome swore out the warrant charging defendant with felonious larceny. Defendant admitted taking the horse.

At the close of the evidence defendant moved to dismiss this matter, which motion was denied. The matter was submitted to the jury, which found defendant guilty of misdemeanor larceny.

Defendant brings forth several assignments of error, but we consider one assignment to be dispositive: Did the trial court err in refusing to permit defendant's counsel to argue to the jury that if the jury found that defendant owned the horse or had a bona fide claim of ownership to the horse and took it acting as a result of his ownership or bona fide claim of ownership, he did not have the felonious intent to take property of another? Defendant asserts that all the evidence considered in the light most favorable to the State showed that the defendant at all times either thought he was the owner or had a bona fide claim of ownership to the horse and that with such ownership, or bona fide claim of ownership, he could not be guilty of larceny.

To establish the offense of felonious larceny, the State was required to prove that the defendant (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of his property permanently. *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982); *State v. Booker*, 250 N.C. 272, 108 S.E. 2d 426 (1959). The case of *State v. Thompson*, 95 N.C. 596 (1886), alludes to the specific intent element of the crime of larceny. In that case the defendant purchased a horse, but title was not to pass until the price was paid. With failure of payment, the vendor recovered possession, and thereupon the defendant in the night secretly took the horse from the vendor's stable and carried it away in a manner indicating a felonious intent. The court concluded that a charge to the jury that the defendant would be guilty of larceny if the taking was *not* under a bona fide belief that he owned the property, or an interest in the horse, was not erroneous.

In the case under review, there is evidence that the sale was defeasible, conditioned upon defendant's daughter agreeing to the sale, an agreement which never transpired. There is evidence that demand was made by defendant for return of the horse both to the original and subsequent vendee. There is further evidence that defendant never received payment in full for the horse, but advised the original purchaser to retrieve his first payment. This evidence is undisputed. Without question, there is at least an issue for the jury as to ownership of the property and a corresponding right to possession. Newsome could take no better title than Conley and had no better right to possession.

The judgment in the cause is vacated and the case remanded to the trial court for a new trial in accordance with this opinion.

New trial.

Judges ARNOLD and WELLS concur.