## STATE VS. BELDEN.

CRIMINAL LAW. *New trial on motion of the accused.— Of what he may be convicted therein.*

1. Where, upon an indictment for murder in the first degree, the accused is found guilty of murder in the second degree, this is virtually an acquittal of the higher crime.
2. If such verdict is set aside and a new trial granted on the motion of the accused, he cannot, in the second trial, be convicted of a *higher* crime than murder in the second degree.
3. The refusal so to instruct the jury, on the second trial, is not a fatal error, where the verdict on such trial is not for the higher crime.
4. On such second trial the accused may be convicted of the same or *any lower grade* of homicide than that of which he was previously found guilty.

CERTIFIED from the Circuit Court for *Green* County.

The case is stated in the opinion.

*Smith & Lamb,* for the defense, argued that the killing could constitute only one offense; that if it was murder in the second degree, it was not murder in the *first* degree, nor was it murder in the *third* degree, nor any degree of mere *manslaughter;* that when the jury found him guilty of murder in the second degree, it thereby found that he was *not guilty* of any of the other

crimes of which he might have been convicted under the indictment; and that having thus been put once in jeopardy of punishment for those crimes, and acquitted of them by the jury, he could not be again put in the same jeopardy. If he had been indicted for murder in the second degree, and convicted thereof, and obtained a new trial, could the state enter a *nolle*, and afterwards have him indicted for manslaughter? "Where a verdict finds a prisoner guilty upon some counts in an indictment, *saying nothing of others*, judgment of *acquittal* should be entered on those counts of which the verdict takes no notice." *Kirk's Case*, 9 Leigh, 627. "Where a defendant who has been acquitted on some counts, and convicted upon others, moves for a new trial generally, it is only applicable to the *count upon which he was convicted*, and, if the court sets the whole verdict aside, it is erroneous." *Campbell v. The State*, 9 Yerg., 333. "A defendant was found guilty on the *first* count of an indictment which contained *five* counts. A new trial was granted, and he was convicted on the *first and* third counts. *Held*, that this was error, as the first verdict was an acquittal upon *all* but the *first* count, and he should have been tried *upon that alone*." *State v. Kattlemann*, 35 Mo., 105. "Where one is indicted for murder in the first degree, and is convicted of murder in the second degree, and a new trial is ordered at his instance, he cannot legally be tried again upon the charge of murder in the first degree, but *only upon the charge of murder in the second degree*." *State v. Ross*, 29 Mo., 32. "Where an indictment contains four counts, and the jury find the defendant guilty upon three of them, without any express finding on the other, such finding is sufficient to warrant a judgment, and is tantamount to an acquittal as to the count upon which there is no express finding." "Where a new trial is granted in such case, it should be confined to the three counts on which he was found guilty." *Morris v. State*, 8 Sm. & M., 762. "A verdict finding the defendant guilty on one of several counts of an indictment, and saying nothing of the other counts, is, as to such

other counts, equivalent to an express finding of not guilty. A judgment may be rendered on such verdict, and the proceedings will be a bar to a future prosecution for any of the offenses charged in the indictment. The entry, after such judgment, of a *nolle prosequi* of the counts concerning which the verdict is silent, is a nullity." *Weinzorpflin v. The State*, 7 Blackf., 786. "After an indictment for murder, and a verdict found for manslaughter, if the prisoner obtains a new trial, he will be tried *only* for the offense of which he was found guilty." *Brennan v. The People*, 15 Ill., 511. "A verdict of acquittal or conviction is a bar to a subsequent prosecution for the same offense, although no judgment has been entered upon it." *Same Case*. " A trial and acquittal for robbery is a bar to an indictment for larceny, where the property alleged to have been taken is the same." *People v. M'Gowan*, 17 Wend., 386. See also Wharton's Cr. Law, secs. 550, 553, 554, 560, 3230.

*The Attorney General*, for the state.

CoLE, J. This cause has been certified to this court by the circuit judge of Green county, pursuant to section 8, ch. 180, R. S., for our decision or opinion upon certain questions of law which arose upon the trial. It appears from the report made by the circuit judge, that the defendant was indicted for murder, and, at the last October term of the circuit court for that county, was found guilty of murder in the second degree. The verdict of the jury was set aside, and a new trial granted, on the application of the defendant, upon the ground and for the reason that there was no evidence given on the trial which warranted the jury in finding him guilty of murder in the second degree.

At the next term of court, when the cause was moved for trial, the defendant made a motion that there be a judgment of acquittal entered on the verdict rendered at the former term, for every offense of which he might originally have been convicted on the indictment, except the offense of which he was in

State vs. Belden.

fact convicted, namely, murder in the second degree; but this motion was denied, and the defendant was again tried, when the jury found him guilty of manslaughter in the third degree. Before the cause was finally submitted to the jury, the defendant, by his counsel, requested the court to give the following instructions:

"1. The defendant having once been tried for murder on the indictment, by the circuit court, and the jury having found him guilty of murder in the second degree, which was equivalent to an acquittal of murder in the first degree, and that verdict having been set aside by the court, you cannot now find him guilty of murder in the first degree.

"2. The defendant having once been tried on the indictment for murder, and having been convicted of murder in the second degree, he cannot now be convicted of murder in the first degree, or in any other degree except the second degree; nor can he be convicted on the indictment of any degree of manslaughter, or of any offense except murder in the second degree."

The court refused to give these instructions, and also refused to set aside the verdict, and has submitted for the opinion and decision of this court these questions:

"First: The defendant having once been tried on this indictment, and on such trial convicted of murder in the second degree, and such verdict having been set aside on the motion of the defendant, could he again be tried on such indictment for, or convicted of, murder in the first or third degree; and if either, which degree?

"Second: The defendant having been tried and convicted of murder in the second degree, and the verdict having been set aside as above stated, could he again be tried on this indictment for, or be convicted of, any and what offense except murder in the second degree?

"Third: Did the court err in refusing the application of the defendant to enter a judgment of acquittal as to all degrees of

crime of which the defendant might have been originally con-
victed under the indictment, except that of murder in the
second degree?"

In the case of *The State v. Martin*, 30 Wis., 216, this court
held, in accordance with what was deemed to be the great
weight of judicial authority upon the subject, that where a
defendant, upon an indictment for murder, was found guilty
of manslaughter in the second degree, and a new trial was
granted on his application, such new trial properly related to
the grade of offense of which he had been convicted, and did
not involve a judicial investigation as to whether he was or
was not guilty of the higher crime of which he had been
already acquitted by the verdict of a jury.    The authorities in
support of this view will be found in 1 Bishop's Criminal Law
(4th ed.), section 849; Cooley's Constitutional Limitations, 328;
*State v. Kittle*, 2 Tyler, 471; *Campbell v. State*, 9 Yerger, 334;
*Esmon v. State*, 1 Swan, 14; *Jordan v. State*, 22 Ga., 546, 557;
*State v. Tweedy*, 11 Iowa, 352 ; *Morris v. State*, 8 Sm. & Mar.,
762; *Hurt v. State*, 25 Miss., 378; *Brenon v. The People*, 15
Ill., 511; *People v. Gilmore*, 4 Cal., 376 ; *Jones v. The State*, 13
Texas, 168; *State v. Ross*, 29 Mo., 32; *State v. Kattlemann*, 35
id., 105; *State v. Hill*, 30 Wis., 416, 422.   The authorities in
opposition to this view, and in support of the doctrine that the
effect of granting a new trial on the application of the defend-
ant is the same in a criminal as in a civil case, and opens the
whole cause for retrial upon the same issues as on the first, are
collected in the case of *The State v. Behimer*, 20 Ohio St., 572.
It seemed to us, however, more in harmony with the humane
maxims of the criminal law and the principles of the constitu-
tion, to hold that the finding of the jury acquitting the defend-
ant of the higher offense was an adjudication upon that charge,
and that legal effect should be given to it as such, while the
new trial should be limited to the lower degree of homicide of
which he had been convicted.   But, in adopting that view, we
did not intend to decide, nor do we think it is the necessary

State vs. Belden.

result of that rule of law, that upon the second trial the defendant cannot be convicted of a lesser degree of homicide than the one of which he had previously been found guilty.

In the case before us the only effect of setting aside the verdict finding the defendant guilty of murder in the second degree, would seem to be to leave that issue open for another trial, and also leave undetermined the further fact whether the defendant had committed any criminal homicide of a less degree than murder in the second degree. If the facts and circumstances attending the commission of the crime, as proven on the second trial, bring the offense within the statutory definition of murder in the third degree, or of any of the different grades of manslaughter, then we see no difficulty in giving full effect to the verdict. And this, perhaps, is all that need be said in answer to the first two questions submitted by the circuit judge. The defendant having once been tried for murder, and having by implication been acquitted of that offense by the verdict of the jury, he could not again be tried for that crime, but might be for the one of which he had been already convicted, or for any of the lesser degrees of criminal homicide, according to the circumstances of aggravation proven on the second trial. And if such circumstances reduced the grade of offense below that of murder in the second degree, we see nothing inconsistent or illogical in the rule of law which holds that he may be convicted of the lesser offense.

The third question submitted by the circuit judge, as to whether it was error to refuse the application of the defendant to enter a judgment of acquittal as to all degrees of crime upon which the defendant might originally have been convicted under the indictment, except that of murder in the second degree, we think must be answered in the negative. In addition to what has already been said, which has some bearing upon this question also, it may be further remarked that when the jury found the defendant guilty of murder in the second degree, they must have found all the facts and elements which

make up the lesser degrees of homicide, with the aggravating circumstances which swelled the offense into the higher grade of crime. That is, in the language of the books, the higher crime necessarily includes the less, and finding the defendant guilty of manslaughter in the third degree, was finding him guilty only as to a part of the charge of which he had already been convicted. On the first trial the defendant was not only found guilty of manslaughter in the third degree, but also guilty of manslaughter under circumstances of aggravation, which enlarged the crime into murder in the second degree. There was but one count in the indictment, and when. the defendant obtained a new trial, the issue substantially was, whether he was guilty of that crime as charged, or any lesser. offense included in the principal charge. Nor can we perceive any ground for saying that this rule is a violation of the constitutional provision that " no person for the same offense shall be put twice in jeopardy of punishment," as argued by the learned counsel for the defendant.

It may be proper further to add, that the first instruction asked by the defendant, as set out in the report of the circuit judge, was correct as a proposition of law. But it appears that the jury found the defendant guilty of manslaughter in the third degree, and hence it is obvious that the refusal of the court to give that instruction could not possibly have worked any prejudice to him.

This cause must be certified back to the circuit court with this decision upon the questions submitted, and with directions to proceed and give judgment upon the verdict rendered.

*By the Court.* — So ordered.