## STATE *vs.* ISRAEL D. LEAVITT.

### Somerset.   Opinion December 13, 1894.

*Indictment.   Pleading.   Duplicity.   Evidence.   R. S., c. 131, §§ 4, 12.*

Duplicity in an indictment is cured by a special verdict of guilty on one offense only.

To an indictment containing two counts, the first charging the defendant with an assault with intent to maim, and an assault with intent to kill, and the second count charging an assault and battery, the jury returned a special verdict, "guilty of assault with intent to kill."

*Held;* upon motion in arrest of judgment, that the second count does not support the verdict; a *nolle prosequi* of the intent to kill not having been entered, no judgment can be rendered on that count.

*Also,* That the first count is double in that it charges two substantive crimes, viz : assault with intent to maim and assault with intent to kill; and that the special verdict, "guilty of assault with intent to kill," operates as an acquittal of all else charged in the indictment and cures the duplicity.

A witness for the prosecution, a brother of the injured party, denied that he held defendant's horse by the bit at the time of the assault.   The defendant on his cross-examination testified that other parties had told him that the witness and his brother had made different statements about it, and thereupon he offered to give the statements or conversation in full upon resuming his direct examination.   *Held,* that the evidence was rightfully excluded.

*State* v. *Palmer*, 35 Maine, 13; *State* v. *Dolan*, 69 Maine, 573; *State* v. *Smith*, 61 Maine, 386, criticised; *State* v. *Payson*, 37 Maine, 361, approved.

ON EXCEPTIONS.

The indictment upon which the defendant was tried in this case sufficiently appears in the opinion of the court.   After the jury had returned a special verdict of guilty of assault with intent to kill, the defendant filed a motion in arrest of judgment for the following reasons and grounds appearing upon the face of the indictment : 1. The first count in said indictment charges three separate offenses in the same count; whereas by law but one offense can be charged in one count.   2.   The second count contains no legal and sufficient allegation of the time when said supposed offense was committed.   This motion was overruled by the court and the defendant took exceptions.

The defendant also took exceptions to the exclusion of evidence, the bill of exceptions disclosing the following case.

The indictment charged the defendant with an assault with a dangerous weapon, to wit, a jack-knife, upon one Warren Spaulding, with intent to murder, maim and kill.

The government introduced evidence tending to show that the defendant while riding along the highway in Harmony in his road wagon, about three o'clock in the morning of August 20, 1893, passed by the house occupied by Benoice Spaulding and said Warren Spaulding, who are brothers.

The Spauldings testified that when the defendant saw them he stopped his horse and said "come here." That thereupon said Warren Spaulding went close up to the wagon and that the defendant stabbed him with a jack-knife. . . . That during the time required to make these stabs, the said Warren Spaulding offered no violence towards the defendant and did not retreat from the wagon. . . .

The defendant testified that he was riding by the house occupied by the Spauldings, and when he got nearly opposite the house in the highway the two Spauldings suddenly appeared. . . . Thereupon said Benoice Spaulding seized his horse by the bits and directed Warren to take him out of the carriage. That the moment Benoice seized the horse by the bits, he took his jack-knife out of his pocket and opened it, and that it was the only means of defense he had ; that Warren Spaulding came to the wagon and undertook to pull him out. That his horse was restive, and he held the reins in his left hand, and when Warren Spaulding undertook to pull him out of the wagon he struck at him with the knife to defend himself and had no other means of defense. That said Warren Spaulding made several attempts to pull him out of his wagon, that he defended himself the best he could, and made the cuts on said Warren Spaulding in trying to prevent being pulled out of the wagon ; and had no other intent or object than to defend himself.

It appeared that the defendant was arrested after dinner on the day of the trial and brought from Athens to the court house, a distance of ten miles or more, and put on trial the same afternoon and immediately after his arrival. That his counsel applied for delay till the next morning in order to procure the attendance

of witnesses to show that the Spauldings gave a different account of the matter the next day after it took place, or very soon after, and had admitted that Benoice seized the horse by the bits.

The state closed at six o'clock and court adjourned until morning. And after the defendant, who was the only witness in defense, had closed his testimony on the second day of the trial, his counsel again asked for a postponement until these outside witnesses could be obtained. This was denied by the court.

The county attorney then recalled the defendant and cross-examined him as follows :

"Ques. Have you made any talk that these Spauldings had made different statements about this? Ans. I made no talk about it only as other parties have told me that they have made different statements."

"Ques. Other parties have told you that they made different statements about it? Ans. Yes, sir."

"Ques. They have not made any different statements to you? Ans. No, sir; I have never spoken to them since."

The defendant's counsel then asked the defendant to state the whole of the conversation about which the county attorney had inquired, and claimed the right to have the statements as to what the Spauldings had said, submitted to the jury, under the peculiar circumstances of the case ; and offered to show that in the conversation between other parties and the defendant, about which the county attorney had inquired of the defendant, they informed him that Benoice Spaulding had stated that he took the horse by the bit, a fact which said Spaulding had denied on the stand.

The court refused to admit the testimony and the defendant excepted to such exclusion.

*Frank W. Hovey*, county attorney, for State.

*D. D. Stewart*, for defendant.

The first count based on R. S., c. 118, § 25, charges the assault as made "with intent to murder, maim and kill." This court has decided that the statute embraces seven distinct

offenses.   *State* v. *Neal*, 37 Maine, 468, 471 ; *State* v. *Waters*, 39 Maine, 54, 56.   Three offenses cannot be joined in one count.   *State* v. *Smith*, 61 Maine, 386 ; *State* v. *Burgess*, 40 Maine, 594.

Indictment is defective and judgment should be arrested. *State* v. *Smith, supra; Com.* v. *Symonds*, 2 Mass. 163 ; *Com.* v. *Morse*, 2 Mass. 128, 130 ; *State* v. *Nelson*, 8 N. H. 163 ; *State* v. *Foster*, 8 Foster, 184, 194 ; *State* v. *Burke*, 38 Maine, 574, 575 ; *Reed* v. *The People*, 1 Parker's Cr. Rep. 488-9 ; *People* v. *Wright*, 9 Wend. 193 ; *Com.* v. *Holmes*, 119 Mass. 198 ; *U. S* v. *Cook*, 17 Wall. 174 ; *U. S.* v. *Reese*, 92 U. S. 225 ; *State* v. *Stuart*, 23 Maine, 111 ; *State* v. *Haines*, 30 Maine, 65, 74 ; *Com.* v. *McLaughlin*, 12 Cush. 617, 618 ; *Com.* v. *McGovern*, 10 Allen, 194 ; *Com.* v. *Child*, 13 Pick. 200 ; *Com.* v. *Collins*, 2 Cush. 557 ; *State* v. *Waters*, 39 Maine, 54 ; *State* v. *Putnam*, 38 Maine, 297 ; *State* v. *Taggart*, 38 Maine, 301 ; *Com.* v. *Creed*, 8 Gray, 387.

2. If it was intended to charge the defendant with an assault, while armed with a dangerous weapon, with intent to murder, which is one of the offenses described in R. S., c. 118, § 25, the indictment should have alleged that he was armed with a dangerous weapon, and that being so armed, he made the assault with the intent to wilfully, feloniously, and with malice aforethought to kill and murder,— in other words, the indictment should have set out fully and precisely all the allegations and elements which constitute at common law the crime of murder.   The statute uses the term "murder" in its common law sense, and we must necessarily resort to the common law for the definition of it ; and all its elements should have been fully and precisely alleged.   *Com.* v. *Clifford*, 8 Cush. 215 ; *U. S.* v. *Reese*, 92 U. S. 225 and 234 ; *Com.* v. *Kelley*, 12 Gray, 176 ; Heard's Cr. Pl. 172 ; *Com.* v. *Creed*, 8 Gray, 387 ; *Com.* v. *Collins*, 2 Cush. 557 ; *Com.* v. *Slack*, 19 Pick. 304.   For the same reasons, if it was intended to charge the defendant with an assault, being armed with a dangerous weapon, with intent to maim, all the allegations and elements which constitute the crime of mayhem, should have been fully and precisely alleged.

At common law, the offense consisted of cutting off, or depriving the party injured of some member of the body which would lessen his capacity to fight, or to defend himself. Our statute has extended the crime so as to embrace other specific injuries. R. S., c. 118, § 15.

Whatever particular injury was within the intent of the defendant, should have been fully and particularly set out; and the intent must be proved, as alleged. *State* v. *Smith*, 37 Maine, 468; *State* v. *Palmer*, 35 Maine, 10. And the same considerations apply to an indictment charging an assault, with a dangerous weapon, with intent to kill. The material difference between such a count, and a count charging an intent to murder, would be the omission of the allegation "with malice aforethought."

This indictment sets out neither of these offenses correctly, while it does attempt to set out all three in one count, but in an imperfect manner as to each. The precedents and authorities are all against it. *Com.* v. *McGrath*, 115 Mass. 150; *Com.* v. *Clifford*, 8 Cush. 215; *Com.* v. *Kelley*, 12 Gray, 176; *State* v. *Neal*, 37 Maine, 469; Train and Heard's Precedents, 44, 43, 46, 45; Bishop's Directions and Forms, §§ 31, 33, 35. Archbold's Cr. Pleading: (Assault with intent to murder,) 459, 446, 447; (Assault with intent to maim,) 450, 451; (Assault with intent to rob,) 262; Wharton's Cr. Pl. & Pr. § 221; *State* v. *Smith*, 17 R. I. 373-4; *State* v. *Goddard*, 69 Maine, 181; *Com.* v. *Creed*, 8 Gray, 387.

3. The evidence offered and excluded should have been admitted. *Stuart* v. *Hanson*, 35 Maine, 507, 510; *State* v. *Walker*, 77 Maine, 488, 492.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, STROUT, JJ.

HASKELL, J. Indictment containing two counts. The first count charges that the defendant "an assault did make, and him, the said Warren Spaulding, did beat, bruise and ill treat, with a dangerous weapon, to wit, a knife which said" [defendant] "then and there held, with intent him, the said Warren Spaulding, to murder, maim and kill, against the peace," &c. The

second count charges assault and battery.   The verdict was :
" Guilty of assault with intent to kill."

I.   It is objected in arrest that the second count does not
support the verdict, and that no judgment can be rendered
upon it under that count.   As the case now stands this objec-
tion is well taken, a *nolle prosequi* of the intent to kill not
having been entered.

II.   It is objected that judgment cannot be entered on the
verdict under the first count, because it charges three distinct
substantive crimes.   If this were so, and the verdict had been
general, that is, guilty of the indictment, the objection would
have been well taken.   *Commonwealth* v. *Symonds*, 2 Mass.
163 ; *State* v. *Nelson*, 8 N. H. 163 ; *People* v. *Wright*, 9
Wend. 193 ; *Commonwealth* v. *Holmes*, 119 Mass. 194 ; *State*
v. *Smith*, 61 Maine, 386.

A few cases are cited as holding that duplicity is cured, even
by a general verdict of guilty.   They go upon the authority
of *Commonwealth* v. *Tuck*, 20 Pick. 361, now disregarded in
Massachusetts, if that be its doctrine.   Among these are *State*
v. *Palmer*, 35 Maine, 13 ; *State* v. *Dolan*, 69 Maine, 573,
where the point is not given much consideration.   Duplicity is
cured however by a special verdict of guilty of one offense only.
*State* v. *Payson*, 37 Maine, 361.

As remotely bearing upon the subject see *State* v. *Burke*, 38
Maine, 574 ; *State* v. *Hadlock*, 43 Maine, 282 ; *State* v. *Tib-
betts*, 86 Maine, 189.

A distinction must be made between charging several
substantive offenses in the same count, and charging several
acts that, collectively, constitute one offense, but separately
constitute several lesser offenses that are included in the greater
offense, as assault, assault with intent to kill and intent to
murder.   In the former case the count would be defective for
duplicity, a cause for demurrer, or for arresting judgment on a
general verdict of guilty as it might be doubtful what sentence
should be imposed.   Nor should inconsistent acts be charged,
either of which would constitute the offense.   *State* v. *Haskell*,
76 Maine, 399.

If, however, the defendant waives his demurrer and goes to trial upon a count bad for duplicity, and the verdict be special, as the statute provides it may be, R. S., c. 131, § 4, the defect should be held cured. What good reason can be given why it should not be? The defendant stands convicted of a single offense upon a sufficient indictment therefor. Why should he complain of other charges of which he is acquitted? What prejudice have they worked him? We are aware of the dictum in *State* v. *Smith*, 61 Maine, 386. The considerations there were on demurrer, and the defendant was threatened with trial upon double charges in the same count. He had reason to object. His right of trial upon a single issue was likely to be denied him. But where a defendant waives the objection by going to trial, and the trial is so conducted that he is found guilty of but one offense, the matter has worked itself clear. The penalty to be imposed becomes certain, and he can be subjected to no greater penalty than he would have been had the charge been single.

But it is urged in the case at bar that the verdict is responsive to only one charge in the first count and silent as to the others, and, therefore, not such a verdict as authorized by our statute and upon which no judgment can be rendered. But the verdict, in effect, is responsive to the whole indictment, as its legal effect is an acquittal of the part not specifically responded to. So says the court in *State* v. *Payson*, *supra*. "When a person indicted for an offense shall, by verdict of a jury be acquitted of a part of it, and found guilty of the residue, he is, by the provisions of the statute [now R. S., c. 131, § 4], to be considered as convicted of the offense, if any, which is substantially charged by the residue, of which he is found guilty. The verdict, in this case, as presented, does not contain any formal words of acquittal of a part of the offense; yet, such is its legal effect. For when the verdict of a jury finds the accused guilty of a certain part of the offense only, the effect is an acquittal of everything else charged. The legal effect of the verdict, and not the language used in it, must have been intended by the provisions of the statute, for such verdicts are in the customary

course of business, presented orally and not in writing." In that case, the indictment was said to charge two substantive offenses in one count, and the verdict was guilty of one offense and silent as to the residue, and a motion in arrest of judgment for duplicity was overruled. The opinion was by Chief Justice SHEPLEY. The weight of authority sustains the same doctrine. They are cited in Bishop's New Criminal Law, § 1006. *State* v. *Cofer*, 68 Mo. 120 ; *Dickinson* v. *State*, 70 Ind. 247 ; *People* v. *Dowling*, 84 N. Y. 478 ; *Green* v. *State*, 17 Fla. 669 ; *State* v. *Gannon*, 11 Mo. Ap. 502 ; *Foster* v. *State*, 88 Ala. 182 : *State* v. *Thompson*, 95 N. C. 596 ; *State* v. *McNaught*, 36 Kan. 624 ; *Nutt* v. *State*, 63 Ala. 180 ; *Sylvester* v. *State*, 72 Ala. 201 ; *Cheek* v. *State*, 4 Tex. Ap. 444 ; *State* v. *Sorrell*, 98 N. C. 738 ; *Thomas* v. *People*, 113 Ill. 531 ; *Kirk* v. *Commonwealth*, 9 Leigh, 627 ; *Weinzorpflin* v. *State*, 7 Blackf. 186 ; *Brooks* v. *State*, 3 Hump. 25 ; *Morris* v. *State*, 8 Sm. & M. 762 ; *Chambers* v. *People*, 4 Scam. 351 ; *Stoltz* v. *People*, 4 Scam. 168 ; *Brennan* v. *People*, 15 Ill. 511, 517 ; *State* v. *Twedy*, 11 Iowa, 350 ; *State* v. *Lessing*, 16 Minn. 75 ; *Commonwealth* v. *Bennett*, 2 Va. Cas. 235 ; *State* v. *Hill*, 30 Wis. 416 ; *State* v. *Belden*, 33 Wis. 120.

*Contra*, *United States* v. *Keen*, 1 McLean, 429 ; *Jones* v. *State*, 13 Tex. 168 ; *State* v. *Smith*, 5 Day, 175.

We are aware of the dictum in *State* v. *Smith*, *supra*, 61 Maine, 386, that a special verdict of guilty of one of two offenses charged in the same count cannot cure the duplicity ; but no authorities are cited, and the earlier case of *State* v. *Payson*, *supra*, was unnoticed. That case holds squarely the reverse, and is sustained by the great weight of authority and has never been considered to have been overruled by our own courts.

In case of a new trial, the Wisconsin authorities limit the renewed jeopardy to the offense of which conviction was had. *State* v. *Belden*, 33 Wis. 120 ; *State* v. *Hill*, 30 Wis. 416. Others hold that a new trial opens the entire case. *Bohanan* v. *State*, 18 Neb. 57 ; *Commonwealth* v. *Arnold*, 83 Ken. 1 ; *Briggs* v. *Commonwealth*, 82 Va. 554 ; *Patterson* v. *State*, 70 Ind. 341. Bishop recommends that the order for new trial state the conditions in this respect.

But it is said the indictment is not open to the charge of duplicity in the first count. Let us see. It charges that the defendant, with force and arms, in and upon one Warren Spaulding an assault did make, and him, the said Warren Spaulding, did beat, bruise and ill treat with a dangerous weapon, to wit, with a knife which the defendant then and there held with intent him, the said Warren Spaulding, to murder, maim, and kill, *contra pacem,* &c.

More than one offense must be charged. A defective charge is no charge, and may be rejected as surplusage. *State* v. *Palmer,* 35 Maine, 9; *State* v. *Haskell,* 76 Maine, 399; *State* v. *Bennett,* 79 Maine, 55; *State* v. *Dunlap,* 81 Maine, 389; *State* v. *Dodge,* 81 Maine, 391.

The charge of assault with intent to murder is insufficient, and therefore is no charge, and surplusage. To be good for that offense it must charge malice. That is a necessary element of the crime. *State* v. *Neal,* 37 Maine, 468; and that which must be proved, must be averred directly and not by way of argument, implication or inference. *State* v. *McDonough,* 84 Maine, 489; *State* v. *Paul,* 69 Maine, 215. But had this charge been sufficient, the count would not have been double by reason of charging assault, or assault with intent to kill, as they are lesser crimes included within the greater. *State* v. *Waters,* 39 Maine, 54; *State* v. *Cobb,* 71 Maine, 206.

The charge of assault with intent to maim contains all the averments of the indictment against Palmer, that was held sufficient. *State* v. *Palmer,* *supra.* Hence here is one substantive offense.

The charge of assault with intent to kill as distinguished from assault with intent to murder, was unknown to the common law, because it was thought intent implied malice that was murder. It is made by our statute, and by the statutes of many other states, a substantive offense. *State* v. *Waters, supra.* It is an offense that may be committed without malice. Should the intent prevail, the crime would be manslaughter. And although a felony, the failure to charge the acts that constitute the crime to have been feloniously done, is not fatal, although

unwise, inasmuch as R. S., c. 131, § 12, provides that no indictment shall be quashed or judgment thereon arrested for the omission of the word "feloniously," unless it prejudice the defendant.

Many authorities hold that where the indictment charges a felony, a conviction for misdemeanor cannot be supported by proof of a felony. Different rights are sometimes accorded on trials of these offenses. But our statutes obviate all substantial differences of procedure in both classes of trials, except trials for some offenses formerly capital, and therefore the omission to charge the felony to have been feloniously done can work no prejudice to the defendant, inasmuch as the acts charged in the indictment of themselves sufficiently characterize the offense.

The first count, therefore, sufficiently charges two substantive crimes, viz., assault with intent to kill, and assault with intent to maim, whether the averment of the use of a dangerous weapon be considered a sufficient allegation of "being armed with a dangerous weapon" or not.

The defendant stands convicted of assault with intent to kill, and acquitted of all else charged against him in the indictment.

The evidence excluded was clearly inadmissible.

*Exceptions overruled.	Judgment on the verdict.*