## STATE OF MAINE *vs.* HERBERT SIMMONS AND FRANK MURPHY.

### Knox.    Opinion June 9, 1911.

*Indictment. Allegations.    Obstructing Officers.    Fish Warden.    Revised Statutes, chapter 123, sections 21, 22.*

1.  Section 21 of chapter 123, Revised Statutes against obstructing officers is limited to cases of obstructing officers in the service of some process and does not support an indictment not containing an allegation that the officer was obstructed in the service of some process.

2.  Section 22 of the same chapter is limited to the particular officers therein named and does not include fish wardens, and hence does not support an indictment for obstructing a fish warden.

3.  An indictment at common law for obstructing a fish warden in the execution of his duty is invalid if it contain no description or specifications of the acts relied upon as constituting an obstructing, opposing or hindering him.

On exceptions by defendants.    Sustained.

The defendants were indicted for assaulting an officer, to wit, a fish warden, and obstructing him in the execution of his official duty. The indictment was nolle prossed as to the assault.    The defendants then filed a demurrer which was overruled and the defendants excepted.

The case is stated in the opinion.

*Philip Howard*, County Attorney, for the State.

*Edward K. Gould*, for defendants.

SITTING:    EMERY, C. J., SAVAGE, SPEAR, CORNISH, BIRD, JJ.

EMERY, C. J.    Exceptions to overruling a demurrer to an indictment.    The indictment originally was for assaulting a fish warden and obstructing him in the execution of his official duty.    The county attorney, however, entered a nolle prosequi as to the assault, so that the indictment now charges only that the defendant "did then and there unlawfully and knowingly obstruct, oppose and

hinder" the fish warden in the execution of his office, etc. It contains no description or specification of any acts of obstruction, opposing or hindering. The want of such description or specification is urged in support of the demurrer.

The indictment is not supported by any statute cited by the prosecution. Section 21 of chap. 123, R. S., is limited to the obstruction of an officer in the service of some process. There is in this indictment no allegation of such obstruction. Section 22 of the same chapter, is limited to the officers therein specified, and does not include fish wardens who are not named. The indictment therefore must be sustained by the common law if at all.

But the common law requires statements of facts, not of conclusions. In this case it requires a statement of the acts claimed to constitute the offense of obstructing, opposing or hindering an officer; and for two reasons, viz: (1) that the court may see at the outset whether the acts do constitute the offense, and (2) that the defendant may know what he is to meet, and, if again prosecuted for the same offense, may avail himself of the conviction or acquittal in this case, in bar. *State* v. *Bushey*, 96 Maine, 151; *State* v. *Downer*, 8 Vt. 424; *State* v. *Maloney*, 12 R. I. 251; *People* v. *Hamilton*, 71 Mich. 340.

*Exceptions sustained.*
*Demurrer sustained.*