CLARENCE V. CARSON
PETITIONER FOR WRIT OF ERROR.

Knox.   Opinion, November 6, 1944.

*C. S. Roberts,* for the petitioner.

*Frank I. Cowan,* Attorney-General.

*Abraham Breitbard,* Ass't Att'y-General, for the State.

SITTING: STURGIS, C. J., THAXTER, MANSER, MURCHIE, CHAPMAN, JJ.

MURCHIE, J. The petitioner herein, after serving a little more than half of a 4-year term of imprisonment in the State Prison, seeks freedom by writ of error, filed pursuant to R. S. 1930, Chap. 116, Sec. 12, on assertion that the verdict underlying the sentence imposed against him was not a proper one under the indictment on which he was tried. Certified copies of the indictment, sentence and docket entries involved disclose that he was charged with taking indecent liberties with the sexual organs of a female child 9 years of age and convicted of an attempt to do so. The writ having been dismissed below comes forward on exceptions to that action.

The claim is asserted that petitioner should be discharged from imprisonment, not because the indictment on which he was tried lacked an allegation essential to the crime for which he was convicted, as in *Smith* v. *State*, 33 Me., 48, 54 Am. Dec., 607, and *Galeo* v. *State*, 107 Me., 474, 78 A., 867, but on the technical grounds that an attempt to commit a crime must be prosecuted as such and that conviction for it will justify sentence only under an indictment alleging that in the attempted perpetration of a designated crime the accused committed some described overt act toward its consummation. Such is a recognized method of pleading in the prosecution of attempts. See *State* v. *Doran*, 99 Me., 329, 59 A., 440, 105 Am. St. Rep., 278, and the authorities therein cited.

The State relies on R. S., 1930, Chap. 143, Sec. 6, which authorizes a jury to acquit a respondent as to part of an alleged crime and convict him of any residue thereof which is substantially charged against him. Counsel for the petitioner denies that this statute is applicable by assertion that a crime and an attempt to commit it are separate and distinct offenses. The issue presented is the very narrow one as

to whether an attempt may be considered, under the statute, a lesser crime included within the greater one, or a residue thereof. The decision below was affirmative on this point with reference to the particular statutory crime charged and declares that one accused of the completed offense may lawfully be found guilty of an attempt to commit it, although no separate count charges such an attempt, there being adequate proof of an overt act toward its complete accomplishment.

The ruling was a proper one. The administration of criminal law should be conducted in accordance with the dictates of common sense. A charge of the commission of any crime involves and includes of necessity allegations that the person charged intended to commit it and made an attempt to do so. Mere intention to do a criminal act, in and of itself, is neither criminal nor punishable, *State* v. *Inness*, 53 Me., 536, but an attempt is defined and made both by our statute, R. S., 1930, Chap. 143, Sec. 10. The actual commission of a crime represents the execution of an attempt to commit it. *People* v. *Horn*, 25 Cal., App. Rep., 583, 144 Pac., 641. In sound reason there can be no doubt that an attempt to commit a particular crime is not only necessarily included in but is also substantially charged by an indictment alleging that the crime itself has been committed. *Rookey* v. *State*, 70 Conn., 104, 38 A., 911; *People* v. *Abbott*, 97 Mich., 484, 56 N. W., 862, 37 Am. St. Rep., 360. It was declared in *State* v. *Waters*, 39 Me., 54, that whenever an accusation includes not only the offense charged but one of inferior grade a jury may discharge the defendant of the higher crime and convict him of that which is less atrocious. The controlling provision in our statute is that which limits the finding of guilt as to the residue of a charged crime to one that is "substantially charged" in the indictment under which the prosecution is conducted. For additional instances where convictions for something less than the full offense have been

sustained, see *State* v. *Ham et al.*, 54 Me., 194, and *State* v. *Leavitt*, 87 Me., 72, 32 A., 787.

There is ample authority for the ruling to which the exceptions relate. Encyclopedia of Pleading & Practice, Vol. 3, Page 102, states that under an indictment alleging a crime "the defendant may generally be convicted of an attempt to commit" it, and the same principle is declared in 31 C. J. 860, Par. 503, where it is recorded, on the authority of *Rookey* v. *State*, supra, that an accusation of rape will support a conviction for either an attempt, or an assault with intent, to commit it. Neither Maine nor its mother commonwealth ever adopted the English common law in its entirety but "just so much of it as suited their purpose." *Conant et al.* v. *Jordan et al.*, 107 Me., 227, 77 A., 938, 31 L. R. A. N. S., 434. From the standpoint of procedure in the prosecution of crimes we recognize no substantial difference between felonies and misdemeanors. *State* v. *Leavitt*, supra. The Connecticut Court in the *Rookey* case expressly indicated that the common law in that jurisdiction, disregarding the technical differences of the English common law between felonies and misdemeanors, "has always permitted a conviction of the attempt upon an indictment for rape." *Commonwealth* v. *Cooper*, 15 Mass., 187, sustained a conviction for assault with intent to commit rape under an indictment alleging rape, and although this decision was criticized in *Commonwealth* v. *Roby*, 12 Pick., 496 at 506, the bases for criticism were found in statute law and in technical distinctions between prosecutions for felonies and misdemeanors. The Massachusetts statute of 1805 (Chap. 88) limited juries in finding a respondent guilty as to the residue of a crime to cases where both the offense charged and the lesser crime to which the verdict of guilty related were of felony grade. Our own law has always been more liberal (see Stat. 1821, Chap. 59, Sec. 43) and since the enactment of P. L. 1829, Chap. 433, has been applicable in the prosecution of any crime or mis-

demeanor. In this jurisdiction conviction is proper if the evidence proves enough of the allegations set forth in an indictment to show that the respondent has committed a substantive crime charged therein. *State* v. *Burgess et al.*, 40 Me., 592; *State* v. *Ham et al.*, supra.

The *Rookey* case notes that the facts necessary to constitute an attempt to commit a crime are alleged in an indictment charging the completed offense. This is obvious and satisfies fully the fundamental requirement of criminal procedure which safeguards the rights and interests of persons facing criminal accusations, i.e. that conviction for any crime may be held lawful only when the indictment or complaint "contains a direct allegation of every material fact which it is necessary to prove in order to establish" guilt. *State* v. *McDonough*, 84 Me., 488, 24 A., 944. The indictment under which the petitioner, as a respondent, was tried and sentenced directly alleges everything essential to establish his guilt of the offense for which he was convicted and sentenced. That verdict was responsive to the indictment charging the completed offense, and carries the legal effect of acquittal on that charge and conviction for an attempt to commit it. *State* v. *Payson*, 37 Me., 361; *State* v. *Waters*, supra; *State* v. *Leavitt*, supra.

*Exceptions overruled.*