Shannon PEASE

v.

P. Willard PEASE, Sheriff of Knox County.

Supreme Judicial Court of Maine.

June 14, 1966.

Frank F. Harding, Rockland, for plaintiff.

John W. Benoit, Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, RUDMAN and DUFRESNE, JJ.

RESCRIPT

MARDEN, Justice.

On report, based in turn upon petition for post-conviction relief (14 M.R.S.A. § 5502 et seq.) founded upon denial of appeal from order to execute sentence after alleged violation of probation.

Petitioner appeared before a municipal court on August 17, 1964 to answer a complaint labelled as "resisting arrest." Upon trial he was found guilty and sentenced to serve 60 days in the County Jail, which sentence was suspended and he was placed on probation for one year.

On December 30, 1964 upon a complaint from the Probation Officer to whose supervision he had been assigned, that petitioner had violated his probation, and hearing thereon, the probation was revoked and the execution of the sentence imposed August 17, 1964 was ordered. Petitioner sought to appeal from this order, which appeal was denied, and petitioner was placed in confinement.

The administrative method of granting the probation and subsequent revocation is criticized, but for reasons hereinafter set forth we do not reach this point.

Petition dated January 11, 1965 for post-conviction relief was filed alleging (a) that the complaint labelled "resisting arrest" set forth no offense upon which the petitioner could properly be convicted or sentenced, (b) the right to appeal from the revocation of probation was illegally denied petitioner, and the resultant commitment illegal.

Pending final disposition of the petition, petitioner was admitted to bail. 14 M.R.S.A. § 5505.

While the request for post-conviction was pending it was agreed to report the case, upon the issues stated above.

What of petitioner's contention that the process out of which his alleged conviction resulted failed to charge an offense?

The offense was labelled "resisting arrest." We have no statutory offense so designated. As synonymous with "obstruction of an officer in the carrying out of his official duties." 5 Am.Jur., Arrest § 113 and 39 Am.Jur., Obstructing Justice § 8, it is an offense both at common law and by statute.

So approached we had, and now have, four pertinent statutes. Chapter 135 R.S. 1954 § 20 (now 17 M.R.S.A. § 2953) prohibits the willful obstruction of an officer in the service of any civil process or of any process for an offense punishable by imprisonment and fine, or either, while in the lawful discharge of his official duties, and upon conviction exposes one to a fine up to $300.00 and imprisonment up to 11 months.

Section 21, as amended, (now 17 M.R. S.A. § 2952) prohibits the assault, intimidation or any manner of willful obstruction or hinderance of any officer (categories listed) while in the lawful discharge of his official duties, and upon conviction exposes one to a fine up to $500.00 or imprisonment up to 11 months. In the event the offense under this section is not of an aggravated nature the District Court may impose a fine up to $100.00 or imprisonment up to 90 days.

Section 22 (now 17 M.R.S.A. § 2954) prohibits the willful obstruction of an officer in the service of any process for an offense punishable by imprisonment for more than 1 year and upon conviction exposes one to a fine up to $500.00 or imprisonment up to 2 years.

Section 28, as amended, (now 17 M.R. S.A. § 1405) prohibits resistance to apprehension and breaking arrest and upon conviction exposes one to a fine up to $1,000.00 or imprisonment up to 11 months.

The clause of this statute as to resistance to apprehension and breaking arrest was added by Chapter 77 of the Public Laws of 1963. The measure originated as House Paper 469, Legislative Document 671 proposing to include in the statute making escape from jail or other place of confinement, except the State Prison, a criminal offense, the escape from custody of a police officer or sheriff. The measure was redrafted in Committee as House Paper 982, Legislative Document 1421, which added to the pre-existing statute the following sentence:

"Whoever resists apprehension or breaking arrest shall be punished by a fine of not more than $1,000.00 or by imprisonment for not more than 11 months."

We have no occasion at this time to decide whether the amendment applies only to resistance to apprehension after an escape or is intended to be of broader application.

Coupled with the constitutional requirements that a respondent is entitled (1) to be informed of the nature of the accusation whereby he may prepare his defense, (2) that the pleading be such as to adequately inform the court of the charge to enable the court to determine and apply its jurisdiction, and (3) to have the charge so pleaded that the accused may protect himself from double jeopardy, supporting citations being unnecessary, we have in the statutes cited above such difference in penalties as to further require specificity in pleading.

The complaint which gives rise to our present problem reads as follows:

"that Shannon Pease * * *, on the 15th day of August A.D. 1964 * * * unlawfully and wilfully intimidated a police officer, while in the discharge of

his official duties, to wit, when this complainant, a Thomaston Town Police Officer, was in the process of writing a summons for the appearance of said Shannon Pease in the Knox County Municipal Court, the said Shannon Pease invited this complainant to fight, and made certain threats to this complainant that he would 'fix him'; the said Shannon Pease unlawfully and wilfully obstructed a police officer, to wit, this Thomaston Town Police Officer while in the lawful discharge of his official duties, to wit, when this complainant, after placing said Shannon Pease under arrest and this complainant, attempted to take the said Shannon Pease into custody, the said Shannon Pease fought and struck this complainant Police Officer against the peace of the State, * * *."

This complaint is deficient.

Whether or not it is duplicitous (joinder of two or more offenses in one count) depends upon the section or sections of the statute under which it was purportedly framed.

The fact that the words "intimidates" and "obstructs" appear together only in § 21 suggests that the charge was founded upon that section, which makes criminal any conduct, which may be manifested in many ways, which may result in assault upon or interference with the specified officers while in the lawful discharge of their official duties. Upon this basis no duplicity appears. Directions and Forms for Criminal Procedure, Whitehouse and Hill § 47. Admittedly there was no motion to quash, no demurrer, no motion to require the State to elect, Bishop on Criminal Procedure 3d. Ed. § 442;[1] State v. Derry, 118 Me. 431, 435, 108 A. 568.

The allegation, in the portion of the complaint charging intimidation, that the officer "was in the process of writing a sum-

mons" suggests that it was intended to charge under either § 20 (civil process) or § 27 (criminal process). If this be so, as well as under § 21, duplicity exists, but which a special verdict (judgment) would cure, State v. Leavitt, 87 Me. 72, 77, 32 A. 787. There was no special judgment in the terms of the statute,—intimidation of an officer, obstructing an officer. If the judgment of "resisting arrest" be considered a general verdict (judgment) there would be doubt as to applicable sentence, and ground for arresting judgment. Leavitt, supra, p. 77, 32 A. 787. If the judgment of "resisting arrest" be considered as a special finding of guilt of obstruction of an officer, we are still left with uncertainty as to what section has been violated and what penalty is applicable.

Additional to the question of pleading we have, as well, other questions of substance. Assuming that the allegation that complainant was "A Thomaston Town Police Officer" is equivalent to an allegation that he was "then and there a duly appointed, qualified and acting Police Officer within and for the Inhabitants of the Town of Thomaston, a quasi-municipal corporation, etc.," upon which allegation we do not now pass, adequate pleading, under all of the reference statutes, required allegation of facts as distinct from conclusions, that the officer involved was in lawful discharge of his official duties. The complaint is silent whether the duty which the complainant alleges generally as "official" was serving a civil process (§ 20), a criminal process (§ 22) or making an arrest, with or without process (§ 21). See again Whitehouse and Hill's Criminal Procedure, supra, at page 167 for acceptable charging forms and State v. Simmons et al., 108 Me. 239, 240, 79 A. 1069.

The complaint upon which all subsequent official conduct was based, failed

---

1. See now rules of criminal procedure, Rule 12 both of the District Court Criminal Rules and Rules of Criminal Procedure for the Superior Court imposing

waiver upon failure to express alleged defects before trial, which rules were not in effect at the time this case originated.

to meet the standards required, and no valid conviction can be founded upon it.

This having been determined, we have no occasion to consider petitioner's attack on the subsequent alleged probation, complaint for violation thereof, hearing and denial of appeal.

The case is remanded to the single Justice, to whom was assigned the petition for post-conviction relief, for the issuance of a writ of habeas corpus under 14 M.R.S.A. § 5502 et seq. and discharge of the petitioner.

So ordered.

TAPLEY, J., did not sit.